NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
March, 1880.

## MATTER OF COGSWELL.

*In the matter of the estate of* WILLIAM L. COGSWELL,
*deceased.*

The Surrogate has power under § 42, 3 *R. S.* (6 ed.), 79, to direct the collectors of an estate to sell horses and carriages of the estate, in order to reduce expenses.

No sale can be had under this section, without an appraisal of the property.

A collector has no authority to pay funeral expenses.*

PETITION by collector of decedent's estate, for leave to sell certain personal property.

The petition of John J. Crane, collector and receiver of the estate of William L. Cogswell, duly appointed January 24, 1880, shows that he has qualified as such ; that decedent left a house, No. 27 East Twenty-sixth street, occupied by decedent's sister-in-law ; that the house is large and expensive, and expensively furnished, with stable attached, with horses and carriages, harness and furniture, the inventory whereof is annexed ; that decedent, at his death, employed a housekeeper, cook and waitress, coachman and stableman ; that the house remains in charge of the said sister-in-law, who is willing to continue in such charge, without compensation, except her living, and that the establishment has necessarily been continued to the present time, upon the basis existing before decedent's death, and that it is necessary, until

---

*By the new Code, § 2672, the Surrogate may order payment of funeral expenses by collector.

the premises shall be sold or rented, for the preservation of the house, stable, and personal property, that it should remain in charge of the housekeeper and necessary servants, but that a material reduction in the expenses may be made, on the sale of the horses, carriages, &c. ; and that such sale is necessary for the preservation and benefit of the estate ; that if the will shall be maintained, the horses, carriages, &c., will pass to Frances Ann Stiger, William Dexter Stiger, and Gracie Cogswell Stiger, infants under eight years of age, who are represented in the proceedings by William G. Stiger, their guardian ; that the expenses for wages of servants, and their support, and of the housekeeper, for insurance, &c., have been incurred, amounting to $772.40, particularized in schedule annexed.

That the taxes on the real estate for 1879 are due and unpaid, amounting to $2,373.60, with interest, which is running at the rate of twelve per cent., and that necessary repairs have been made, amounting to $38.56, by one Ferguson, and Pinkerton & Stewart have furnished a chain for $1.50.

That bills for funeral expenses have been presented to the petitioner by Litchfield, $65.25 for railroad fares for removal of the remains to Boston, and family, $41, and from the undertaker in this city, $279.50.

That $75, for six months' pew rent for 1880 in a church, is due ; that petitioner has purchased books to keep his accounts, at $4.80 ; hired the use of a safe, $26.25 ; to February 12, 1880, and $105 for the current year ; that petitioner is indebted to counsel in $250 for professional advice.

That he has collected $13,868.24, and deposited the

same in a trust company, according to the order appointing him.

W. M. Prichard, *for petitioner.*

The Surrogate.—By § 42, 3 *R. S.* (6 ed.), 79, a collector is authorized to collect the goods, chattels, personal estate, and debts of the deceased, and secure the same at such reasonable expense as the Surrogate shall allow, and for those purposes he may maintain suits as administrator, and under the direction of the Surrogate he may sell such of the goods of the deceased as shall be deemed necessary for the preservation and benefit of the estate, after the same shall have been appraised. This is the measure of his authority, except as it is enlarged by section 10 of chapter 359 of the Laws of 1870. But six months not having elapsed since the petitioner's appointment, that section does not affect the questions involved in this matter.

The parties interested do not object to the order asked, and concede that all the prayer of the petition should be granted, as calculated to promote the best interests of the estate.

Where the statute prescribes the authority of an officer appointed by the Surrogate, he is undoubtedly impliedly invested with power to do those things that are necessary to accomplish the authority conferred. But I am of the opinion that the Surrogate has no authority to enlarge the power of such an officer, by virtue of the Surrogate's general authority to control the conduct of executors and administrators. I am of the opinion, therefore, that the expenses which have attended the care of the premises, furniture, horses,

carriages, &c., were necessary for the preservation of the property, and to secure the same to the use and benefit of the estate, and that the payment of the taxes upon the real estate was alike necessary for the preservation of the real estate, and that the petitioner, as receiver, has the authority to pay such taxes, and thus avoid a sacrifice of the same. The expenses, as stated in the petition, amounting to $488.06, including the expenses of the petitioner's appointment, and reasonable counsel fees, come within the purview of the statute mentioned. But I am of the opinion that there is no authority conferred upon the collector to pay the funeral expenses, or any incident thereto. (*Re* Parish, 29 *Barb.*, 627.)

I am also of the opinion that the section authorizes the Surrogate to direct the sale of the horses, &c., as necessary for the preservation and benefit of the estate, but no such sale can take place until such property shall be appraised. The order to be entered herein may provide the means of such appraisal.

Ordered accordingly.