[No. 14769.   In Bank. — March 10, 1892.]

## PATRICK HENRY, ADMINISTRATOR, ETC., PETITIONER, v. THE SUPERIOR COURT OF NEVADA COUNTY, RESPONDENT.

ESTATES OF DECÈDENTS — PROBATE PROCEEDING — ALLOWANCE OF COSTS — COUNSEL FEES — PARTIES. — Costs or counsel fees in a probate proceeding cannot be allowed to counsel; if allowed at all, they must be awarded directly to the parties themselves.

ID. — PROVINCE OF SPECIAL ADMINISTRATOR — POWER OF PROBATE COURT — DEFRAYING EXPENSES OF PROBATE. — A special administrator has authority simply to collect debts and preserve the estate, and cannot pay debts; and the probate court cannot empower him to defray the expenses of a controversy over probate, unless expressly authorized to do so by statute.

ID. — POWER OF SUPERIOR COURT — AUTHORITY TO AWARD COSTS — STATUTORY LIMITATION. — The superior court, acting in probate proceedings, obtains its authority to award costs from the statute, and not by virtue of its general probate jurisdiction. Its power is confined to the terms of section 1720 of the Code of Civil Procedure.

ID. — CONSTRUCTION OF CODE — DISCRETION OF COURT — DECISION OF CONTEST. — The discretion defined by section 1720 of the Code of Civil Procedure to "order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require," cannot be exercised until a decision has been made in the contest upon which the discretion may be based.

ID. — VOID ALLOWANCE TO EXECUTOR FOR EXPENSES OF CONTEST — CERTIORARI. — Until a will has been admitted to probate, or probate has been denied, the court has no power to appropriate the funds of the estate to aid either the proponent or contestant; and an order directing a special administrator to pay a specified sum out of the funds of the estate for counsel fees, witness fees, and other expenses to be incurred by an executor in proposing the will for probate, and opposing a contest of the will, is void, and will be annulled upon *certiorari*.

WRIT of review to the Superior Court of Nevada

County.   The facts are stated in the opinion of the court.

*Thomas S. Ford,* for Petitioner.

*J. M. Walling,* for Respondent.

PATERSON, J.— On May 1, 1891, Elle Ellen died, leaving a will, in which W. H. Kruger and S. M. McKay were named as executors.   On May 9, 1891, P. Henry, petitioner herein, was appointed special administrator, and on the same day the persons named as executors filed a petition asking that the will be admitted to probate. The hearing of the petition was fixed for the eighth day of June, 1891, and due notice thereof was given.   Before the day set for hearing, James Ellen Henry and Joseph Henry Saunders, grandsons of the decedent, filed an opposition, alleging that the will was executed under undue influence, and while the testator was wanting in capacity.   Thereafter Kruger died, and on September 12, 1891, the court, on application of McKay, supported by affidavit, made an order that the special administrator pay to the attorneys of McKay, out of the funds of the estate in his hands, the sum of six hundred dollars for counsel fees, witness fees, and other expenses to be incurred in the trial of the issues pending.   Thereupon the special administrator applied to the court for an order revoking the order referred to, on the grounds that it was made without notice, and that the court had no jurisdiction to appropriate the funds of the estate to such a purpose.   The motion was denied, and the administrator has sued out this writ of review to annul the order.

1. In *In the Matter of Aaron,* 5 Demarest, 362, the court held that costs in a probate proceeding could not be allowed to counsel; if allowed at all, they should be awarded directly to the parties themselves.   And in *Sharon* v. *Sharon,* 75 Cal. 1, we held that " suit money " must be paid to the party for whose benefit it is awarded, and that an order directing payment to counsel who are not parties to the action is void.

2. Section 2557 of the New York Code of Civil Procedure provides that costs in probate proceedings " may be made payable by the party personally, or out of the estate or fund, as justice requires." The powers conferred upon special administrators in that state by the provisions of the code are identical with those conferred upon special administrators in this state. *In the Matter of Aaron,* 5 Demarest, 362, holds that it was the duty of a special administrator simply to collect and preserve the estate; that he had no authority to pay debts; and that the court could not empower him to defray the expenses of a controversy over probate, unless expressly authorized to do so by the statute. In *In the Matter of Parish,* 29 Barb. 627, the court held that contestants, either for or against a will, have no claim for costs or expenses which can be paid out of the estate by the special administrator until after a decision has been made in the contest.

3. There are additional reasons, however, for declaring the order void; and we prefer to rest our decision upon other and broader grounds than those stated.

The superior court, acting in probate proceedings, obtains its authority to award costs from the statute, and not by virtue of its general probate jurisdiction, as claimed by respondent. (*In the Matter of Parish,* 29 Barb. 627.) Section 1720 of the Code of Civil Procedure provides that the superior court " may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. Execution for the costs may issue out of the superior court." If there is any authority upon which the order in question can be supported, it must be found in this section of the code. The general rule is stated in section 1021, which provides that the compensation of attorneys is left to the agreement of the parties, .but that parties to actions or proceedings are entitled to costs and disbursements, as provided in other sections of the code.

Even if it be conceded that counsel fees for services

rendered the executor in probating the will may be regarded as "costs" within the meaning of section 1720, we do not think that they can be allowed, except as an incident to some judgment or order of the court. The probate judge is clothed with discretion to order costs to be paid "by any party to the proceedings, or out of the assets of the estate, as justice may require." This discretion cannot be exercised until there is something upon which it may be based. In construing a similar provision conferring discretionary power upon the surrogate's court to award costs, the New York court of appeals said: "It means the party whose behavior in the circumstances provoking the litigation, whose situation in relation to the estate, or the particular subject in controversy, is such as that it is equitable and just that he be remunerated for his expenses in the litigation. The surrogate may also charge the costs of one party upon another, or upon the estate." (*Noyes* v. *Aid Society*, 70 N. Y. 484.) It is impossible for the court to say from the mere allegations of a party, and before any evidence taken, whether he is acting in good faith or not, and whether it is just and equitable that he should be aided in prosecuting or defending his suit. All the provisions of the code bearing upon the subject of probate contests indicate that good faith and reasonable cause are the things to be inquired into by the court, in the exercise of its discretion. (*Hicox* v. *Graham*, 6 Cal. 169; Code Civ. Proc., secs. 1031, 1332, 1509.) Until the court has heard the evidence of the parties, it is impossible for it to determine whether they, or any of them, have claims which are made in good faith, and which are based upon reasonable grounds. If the court has power upon the initiation of contests to make arbitrary allowances out of the estate to proponents and contestants, then disappointed next of kin, and claimants without the shadow of a just cause, may deprive the beneficiaries under the will, by prolonged and expensive litigation, of the property given to them by the testator. Unless the language of the statute imperatively demands such construction, it should

not be placed upon it.    Some wholesome remarks as to the object and benefit of the statute, and the cases in which it should be applied by the court, will be found in *In the Matter of Whalen*, 6 Demarest, 426.

It is no argument to say that because the constitution clothes the superior court with "original jurisdiction over matters at probate," and provides that "a judge of the superior court may at any time make and issue all necessary orders and writs, enforce the production of wills and the attendance of witnesses," the court, of its own motion, is bound to see that all necessary proceedings are taken, and witnesses called to probate every document filed, and which is claimed to be a will.    It is safe to assume that parties interested as devisees and legatees will always take the necessary steps and provide necessary funds to procure the attendance of witnesses to establish the validity of the will, if it is worthy of probate.

Our conclusion is, that until the will has been admitted to probate, or probate has been denied, the court has no power to appropriate the funds of the estate to aid either proponent or contestant.    This view, we think, is supported by the principles laid down in *Estate of Marrey*, 65 Cal. 287, *Estate of Parsons*, 65 Cal. 240, and *Estate of Jessup*, 80 Cal. 625.

The order of the court below is annulled.

SHARPSTEIN, J., McFARLAND, J., DE HAVEN, J., HARRISON, J., and GAROUTTE, J., concurred.