[Sac. No. 1096. In Bank.—April 30, 1904.]

In the Matter of the Estate of W. H. KRUGER, Deceased. J. M. WALLING, Appellant, v. MARY A. KRUGER, Executrix, et al., Respondents.

ESTATES OF DECEASED PERSONS—FINAL ACCOUNT OF EXECUTOR—APPEAL BY EXECUTOR'S ATTORNEY—JURISDICTION—DISMISSAL.—An attorney for the executor is not a party to the proceeding for the settlement of the final account of the executor, and has no claim to compensation against the estate that he can enforce against it in any manner. This court has no jurisdiction of an appeal taken by the attorney from a decree settling the executor's final account, and such an appeal must be dismissed.

ID.—INTEREST OF ATTORNEY—AGREEMENT FOR SUM TO BE AWARDED.— An attorney who renders services to an executor upon an express or implied agreement that he will be content to receive such sum as the court in probate may award the executor or administrator is interested in the action of the court solely by reason of his agreement not to hold the executor personally responsible for any

sum in excess of such allowance, but such interest does not make
him a "party interested in the estate" within the meaning of the
statute.

ID.—ALLOWANCE MUST BE SOLELY TO EXECUTOR.—Whatever allowance
is made from the estate for the services of an attorney must be made
solely to the executor, and cannot be made to the attorney.

ID.—NEGLIGENCE OF ATTORNEY TO BE CONSIDERED.—In determining the
amount of the allowance to the executor for the services of an
attorney, his actionable negligence in the performance of his ser-
vices is to be considered; and parties interested in the estate have
the right to show that his services have been so negligently per-
formed as to cause damage to the estate, and that consequently the
estate should not pay for his services.

ID.—CLAIM OF ATTORNEY AGAINST EXECUTOR—JURISDICTION.—The ques-
tion as to what the attorney shall receive from an executor or
administrator is one of which the probate court has no jurisdiction,
and is dependent for its determination upon the agreement between
the parties. While the probate court has sole and exclusive juris-
diction to determine what amount shall be allowed to the executor
or administrator from the estate for services rendered by him
through others, it cannot adjudicate between him and those employed
to assist him.

APPEAL from a decree of the Superior Court of Nevada
County settling the final account of an executor and from an
order dismissing a motion for new trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

P. F. Simonds, and J. M. Walling, for Appellant.

George T. Wright, and Fred Searls, for Respondents.

ANGELLOTTI, J.—J. M. Walling appeals from the de-
cree of the superior court of the county of Nevada, made in
the matter of the estate of W. H. Kruger, deceased, settling
the final account of Mary A. Kruger, executrix of the will of
said deceased, and distributing the residue of the estate to
the devisees and legatees and their successors in interest. He
also appeals from the order dismissing his motion for a new
trial in the matter of the settlement of said account.

It appears from the statement on motion for a new trial
that the final account presented by the executrix contained
no reference to the allowance of any attorney fee to appel-

lant. Appellant thereupon presented written objections to
the settlement of the account and the proposed distribution
of the property, the sole ground of his objection being, that
he had, under employment by the executrix and her former
co-executor, acted as their attorney in the administration of
the estate, upon the understanding and agreement that he
should receive as compensation for his services such compen-
sation as the court in probate should determine was reason-
able; that he had rendered services as such attorney,
reasonably worth ten thousand dollars, and that he had re-
ceived only five hundred dollars on account thereof. He
therefore asked the court to determine the amount due him,
and to make an order directing the payment of the same.

The executrix and the devisees and legatees presented an
answer to this claim of appellant, admitting the employment
and rendition of services, but alleging negligence on his part
in the conduct of certain litigation to which the estate was a
party, whereby the estate was alleged to have been damaged
in the sum of seventeen thousand dollars.

The court found that appellant had been employed by the
executors as alleged, and had rendered services which were
worth eight thousand dollars, of which he had received only
five hundred dollars, but that he had, in the matter of the
presentation of a proposed statement on motion for a new
trial in an action in which he represented the executors, been
guilty of negligence, whereby the estate was damaged in the
sum of seventeen thousand dollars. It therefore determined
that he was not entitled to receive any compensation on ac-
count of services rendered by him to the personal representa-
tives of deceased, and that the final account of the executrix
should be settled as presented.

Appellant earnestly contends that even if it be assumed
that negligence on his part was sufficiently shown, there was
no showing of any actual damage to the estate resulting there-
from. We do not deem it necessary to determine this ques-
tion. His appeals present another question which was not
involved in either of the other appeals that have heretofore
been taken in this controversy and decided by this court.
That question is as to the right of the appellant to take any
appeal or to participate in any way as a party in the matter
of the estate.

Although respondents have asked that these appeals be dismissed, they have not suggested this ground. As the question goes to the jurisdiction of this court to entertain the appeals, and as, in our judgment, there can be no doubt, under the provisions of our code and the many decisions of this court on the subject, that the appellant was not a "party" in the probate proceeding, and was not entitled to participate therein as such, there is apparently no necessity for considering any other question presented.

An attorney who renders services to an executor or administrator upon an express or implied agreement that he will be content to receive for his services such sum as the court in probate may award the executor or administrator therefor is undoubtedly interested in the action of the court, but solely in the sense that by his agreement he has undertaken not to hold his client personally responsible for any amount in excess of the amount allowed to his client for the legal services by the court in probate. This interest arises solely from the terms of his agreement with his client, and does not make him a "party interested in the estate" in the sense in which that term is used in our statute. The statute provides that the executor or administrator "shall be allowed all necessary expenses in the care, management, and settlement of the estate, *including reasonable fees paid to attorneys for conducting the necessary proceedings or suits in courts*" (Code Civ. Proc., sec. 1616), and the question as to what shall be allowed *to the executor or administrator* from the estate for legal services, as well as all other necessary expenses, is one solely between such executor or administrator on the one side, and those entitled to succeed to the residue of the estate, after the payment of the expenses of administration, on the other side.

It is well settled that whatever allowance is to be made from the estate to the executor or administrator for the services of his attorney must be made to the executor or administrator, and cannot be made to the attorney. (*McKee* v. *Soher*, 138 Cal. 367; *Briggs* v. *Breen*, 123 Cal. 657; *In re Levinson*, 108 Cal. 450, 458; *Estate of Ogier*, 101 Cal. 381;[1] *Henry* v. *Superior Court*, 93 Cal. 569.) The attorney employed by an executor or administrator to assist him in the

[1] 40 Am. St. Rep. 61.

execution of his trust has no claim that he can enforce *against the estate* either by action (*Gurnee* v. *Maloney*, 38 Cal. 85[1]) or in any other way. (Cases cited *supra*.) His claim is solely against his client, the executor or administrator. He is not by reason of such employment the attorney of the estate, but is simply the attorney of the executor or administrator who selects and employs him. (*Estate of Ogier*, 101 Cal. 381.[2]) He is not a "person interested in the estate" within the meaning of those words as used in the section relative to the presentation of exceptions to the accounts of the executor or administrator and the conclusiveness of decrees of settlement of such accounts. (*Briggs* v. *Breen*, 123 Cal. 657.) He therefore cannot legally file exceptions to an account, for only parties "interested in the estate" may do so (Code Civ. Proc., sec. 1635), and exceptions filed by him are ineffectual for any purpose. (*Briggs* v. *Breen*, 123 Cal. 657.)

It is undoubtedly true that the executor or administrator is usually, as a matter of fact, protected against any personal responsibility by the agreement of the attorney that he will accept the amount allowed by the court in full for his services, but this is a matter entirely between the attorney and the executor or administrator, and in no way affects the probate proceeding. The effect of such an agreement, so far as the attorney is concerned, is precisely the same as if the attorney and executor had agreed that the amount the attorney should be paid by the executor should be fixed by some third party. It may be that where such an agreement is made the executor or administrator would be legally bound to submit to the court an application for an allowance for counsel fees, and would be personally liable to his attorney for the reasonable value of the services if he failed to do so. Whatever the agreement may be, however, between the executor or administrator and the attorney, the sole question for the court in probate in any case is as to the amount that shall be allowed *to the executor or administrator for legal expenses from the funds of the estate,* and of this question the court in probate has sole and exclusive jurisdiction. The question as to what the attorney shall receive from the ex-

---

[1] 99 Am. Dec. 352.        [2] 40 Am. St. Rep. 61.

ecutor or administrator is an entirely different question, one of which the probate court has no jurisdiction, and dependent altogether for its determination upon the agreement between the parties. If, for instance, the agreement was, that the attorney should receive from the executor a certain specified sum for his services, the executor would be personally liable for that sum, regardless of what the court in probate might allow the executor; and if the agreement was simply that the attorney should receive from the executor what his services were reasonably worth, he could recover from the executor by personal action against him the sum adjudged therein to be the reasonable value of his services, regardless of the adjudication of the court in probate as to what constituted such reasonable value. This was squarely held in the case of *Briggs* v. *Breen,* 123 Cal. 657, where the executors were held personally liable in an action brought against them by their attorneys for an amount in excess of that allowed to the executors by the court in probate. It was further held in that case that the attorneys for the executors were not parties "interested in the estate" within the meaning of those words as used in the sections relating to exceptions to the account of the executors and the conclusiveness of the decree of settlement. The question here discussed was not involved in either of the prior appeals in this controversy. The first appeal was one taken by the legatees and devisees from an order allowing seventy-five hundred dollars for the services of the attorney for the executors, and the order was reversed for the reason that the executors' account did not contain any statement of a claim for allowance of attorney fees, and, consequently, proper notice of the proposed allowance had not been given to those interested in the estate. (*Estate of Kruger,* 123 Cal. 391.) In passing, it may be remarked that the account here involved contained no statement of any such claim.

The second appeal was by the executrix and a legatee from an order made on the settlement of the sixth annual account allowing six thousand dollars for legal services rendered the executors. That account contained a statement that the attorney was entitled to be paid a reasonable fee, to be fixed by the court on the settlement. It was held that the record showed actionable negligence on the part of the attorney in

the rendition of the legal services, which should have been considered by the court in determining the value to the estate of the services, and the order was reversed. (*Estate of Kruger*, 130 Cal. 621.)

Each of these appeals was, as will be observed, taken by parties "interested in the estate,"—viz., legatees and devisees, —while the only appellant here is one who, under the law, is not so interested.

On each of the prior appeals it was, it is true, recognized that the question as to whether the legal services for which allowance was to be made had been so negligently performed as to cause damage to the estate was a material question in determining the amount of the allowance. There can be no doubt that this is true, even though the allowance is made to the executor and the attorney is not a "party interested in the estate." Those interested in the estate undoubtedly have the right to show that services for which the executor or administrator claims that an allowance should be made to him from the estate have been so negligently performed as to cause damage to the estate, and, consequently, that the estate should not pay therefor.

If the determination by the court in probate of such contention in favor of those interested in the estate concludes the attorney, so far as his claim against his client, the executor, is concerned, it has this effect solely by reason of his agreement with the executor. Such an agreement between the executor and the attorney could not, however, as we have seen, operate to make him a "party interested in the estate," or give him a claim against the estate.

It is clearly the settled law of this state that those who render services of any kind to an executor or administrator, for the purpose of assisting him in the execution of his trust, must look to him alone for their compensation; and that while the court in probate has the sole and exclusive jurisdiction to determine what amount shall be allowed *to the executor or administrator* from the estate for any such services rendered by him through others, it cannot adjudicate between him and those whom he employs to assist him.

The appeals must be dismissed, and it is so ordered.

Shaw, J., Lorigan, J., Van Dyke, J., and Henshaw, J., concurred.