[L. A. No. 12414.   In Bank.—June 24, 1932.]

W. O. STEVENS, Respondent, v. ETHEL FAY STEVENS, Appellant.

M. H. Broyles for Appellant.

Hugh E. Macbeth for Respondent.

THE COURT.—The defendant wife appeals from an interlocutory decree of divorce entered in favor of the plaintiff husband. The appeal is presented on a clerk's transcript. In addition to asking for a dissolution of the marital bonds, the complaint prayed for the custody of one of the two minor children of the parties and for an equitable division of the community property. The defendant answered and filed an amended cross-complaint also praying for a judgment of divorce on the ground of cruelty, custody of the minor children, permanent alimony, an equitable division of the community property, and for counsel fees and costs. A complaint in intervention was filed by Clara Burton wherein she alleged that certain moneys on deposit in designated branch banks in Los Angeles County and standing in the name of the appellant, as trustee, or in the name of Ethel Fay Page, which deposits were being held under a restraining order of the court below, were, in fact, her moneys. The court appointed a receiver. No respondent's brief has been filed.

The action came on for trial upon the issues raised by the several pleadings referred to. The court below found

the allegations of extreme cruelty of respondent's complaint to be true and decreed a divorce in his favor. It was adjudged that appellant take nothing by her cross-complaint. It was also decreed that the intervener take nothing. The intervener has not appealed.

The court further found that the aforesaid deposits were the community property of the spouses. Said deposits were therefore ordered turned over to the receiver as community property. In its decree the court directed that the community personal property, other than the bank deposits referred to, be divided between the spouses and that the receiver sell the real property and dispose of the proceeds in accordance with its decree.

The decree provided for the payment of $800 to the attorneys of each of the parties. The appellant and respondent had each previously been allowed $200 for attorneys' fees. However, this first allowance was to the parties to the action and not to the attorneys direct. The balance of the proceeds in the receiver's hands were ordered paid in the following manner: One-half thereof, plus $300, to the respondent; the balance to the appellant. The defendant appeals from the whole of the judgment.

█ Appellant attacks the validity of that portion of the decree which provides for the payment of $800 directly to each of the attorneys of the respective parties rather than to the parties themselves. The action of the lower court in. this regard was unauthorized and in excess of its jurisdiction (*Sharon* v. *Sharon,* 75 Cal. 139 [16 Pac. 345]; *Pennell* v. *Superior Court,* 87 Cal. 375, 377 [262 Pac. 48]). The attorneys were not parties to the action and any award of counsel fees should have been made to the parties litigant. It necessarily follows that the portion of the decree directing the receiver to "pay to W. O. Tyler, Esq., and Bert MacDonald, Esq., Attorneys for the Defendant, . . . the sum of Eight Hundred dollars ($800) for accrued Attorney's fees", and "to .Hugh E. Macbeth, Esq., Attorney for the Plaintiff herein, the further sum of Eight Hundred dollars ($800) for accrued Attorney's fees", was without the power of the lower court to make. It will be remembered that plaintiff husband did not ask for any attorney's fees in his complaint and the wife asked for only $250. Both parties received $200 as attorneys' fees. The appel-

lant wife complains that the court made an allowance in the judgment of attorneys' fees for past services greater than was asked by her in her complaint. The $1600 under our order will be returned to the common fund to be divided equally between the parties. Of course this order does not determine the question whether the attorneys for either party are entitled to a greater sum than the amounts which each has already received on account of attorneys' fees.

Appellant urges further that the judgment is void in that the lower court made a finding which is a complete bar to the judgment which was given in favor of the respondent. This contention is based upon the trial court having made a general finding that the allegations of certain designated paragraphs of the complaint were true and that certain allegations contained in designated paragraphs by reference of appellant's first amended cross-complaint were untrue, the effect of which, appellant argues, was to create a negative pregnant and result in a finding that all of the allegations in the paragraphs mentioned of the defendant's first amended cross-complaint are true, and under the doctrine of recrimination embodied in section 122 of the Civil Code, if said allegations be true, then such would be a bar to a divorce being granted to the respondent, and the judgment is therefore not supported by the findings. The appellant cites *Auerbach* v. *Healy,* 174 Cal. 60, 65 [161 Pac. 1157, 1159], as supporting such a contention. In that case, however, there was no finding upon a material issue, and it was sought to supply one by implication by resort to a general finding "that all of the allegations of defendant's answer are not true". The lower court properly held that because of certain material denials of the answer that this general finding did not negative the fact that some of the allegations may have been true. In the present case, however, the findings are direct that certain specified allegations of plaintiff's complaint are true, and that certain specified allegations incorporated by reference in the defendant's first amended cross-complaint are not true. This method of making findings is not erroneous.

In view of what has been said, further allowance of attorneys' fees is stricken from the judgment, and as so modified the judgment is affirmed.