Luce & Co., *S. en C.*, Plaintiff and Appellant, *v.* Rosario Cintrón Sánchez de Capó, Defendant and Appellee.

No. 5134.   Argued January 11, 1932.—Decided May 2, 1933.

(see 42 P.R.R. 884).

*Tous Soto & Zapater* for appellant. *José A. Poventud, F. Parra Capó, Eduardo Capó,* and *Alberto S. Poventud* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Appellant insists that jurisdictional questions are an exception to the general rule as to waiver of objections to an award of costs not raised on an appeal from the judgment in which the award was made; that in the instant case the district court was without jurisdiction to award costs on denial of a motion for a temporary injunction because the order refusing such relief was an interlocutory order; and that the subsequent taxation of costs was void *ab initio* for want of jurisdiction to make the award. As to the alleged want of jurisdiction to award costs on refusal to grant a temporary injunction appellant cites *Compañía Azucarera del Toa v. Galán et al.,* 30 P.R.R. 188; 3 Bancroft's Code Practice and Remedies, p. 2810, section 2115; *Gage v. Atwater,* 136 Cal. 170; *Broome v. Broome,* 179 Cal. 638; *Hernández v. Blanco,* 17 P.R.R. 546; 7 Cal. Jur. p. 254, section 2; *Estate of Berthol,* 163 Cal. 343; *Estate of Yoell,* 160 Cal. 741; *Henry v. Superior Court,* 93 Cal. 569; *Begbie v. Begbie,* 128 Cal. 154; *Harrington v. Goldsmith,* 136 Cal. 168; 3 Bancroft's Code Practice and Remedies, p. 2799, section 2104; Id. p. 2783, section 2088; 15 Cal. Jur. p. 105, section 211; *Estate of Johnson,* 198 Cal. 469; *Naylor v. Adams,* 15 Cal. App. 353; *Buxó v. Buxó,* 18 P.R.R. 188; *Blanco v. Hernández,* 18 P.R.R. 686; *Vivas v. Hernáiz, Targa & Co.,* 24 P.R.R. 779; *Hernández v. Benet,* 25 P R.R. 55; *Santisteban et al.,*

v. *Suc. Godoy et al.,* 25 P.R.R. 570; *Hawley* v. *Gray, etc. Co.,* 127 Cal. 561; 14 Cal. Jur. p. 854, section 3.

We shall not attempt to analyze all of these cases, nor those cited in the texts.

In *Henry* v. *Superior Court, supra,* the California Supreme Court said:

"Even if it be conceded that counsel fees for services rendered the executor in probating the will may be regarded as 'costs' within the meaning of section 1720, we do not think that they can be allowed, except as an incident to some judgment or order of the court. The probate judge is clothed with discretion to order costs to be paid 'by any party to the proceedings, or out of the assets of the estate, as justice may require.' This discretion cannot be exercised until there is something upon which it may be based. . . . It is impossible for the court to say from the mere allegations of a party, and before any evidence taken, whether he is acting in good faith or not, and whether it is just and equitable that he should be aided in prosecuting or defending his suit. All the provisions of the code bearing upon the subject of probate contests indicate that good faith and reasonable cause are the things to be inquired into by the court, in the exercise of its discretion. (*Hicox* v. *Graham,* 6 Cal. 169; Code Civil Procedure, sections 1931, 1332, 1509.) Until the court has heard the evidence of the parties, it is impossible for it to determine whether they, or any of them, have claims which are made in good faith, and which are based upon reasonable grounds. If the court has power upon the initiation of contests to make arbitrary allowances out of the estate to proponents and contestants, then disappointed next of kin, and claimants without the shadow of a just cause, may deprive the beneficiaries under the will, by prolonged and expensive litigation, of the property given to them by the testator. Unless the language of the statute imperatively demands such construction, it should not be placed upon it."

Such reasoning has little application to the question of a court's power to award costs on refusing to grant a temporary injunction.

*Estate of Berthol, supra; Estate of Jones,* 166 Cal. 147; and *Estate of Johnson, supra,* rest upon the same principle. In these cases, however, the theory was carried to the extent of holding that the probate court could not award costs in

the case of a contested will until the case had been finally disposed of by the Supreme Court on appeal. This, it is fair to add, was done under section 1720 of the California Code of Civil Procedure, which provides that:

"When it is not otherwise prescribed in this title, the superior court, or the supreme court, on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. Execution for the costs may issue out of the superior court."

These three cases were decided long after the adoption of the Idaho Code by the Legislature of Puerto Rico and more than a decade after the adoption of the California Code by Idaho. Their value as authorities in this jurisdiction depends entirely on the persuasive force of their reasoning so far as applicable by analogy to the facts in a given case. The doctrine, if followed to a logical conclusion in the instant case, would mean that the district court could not have awarded costs even upon rendering judgment in the main action until that judgment had been affirmed or reversed on appeal, or until the time for appeal had expired without the taking of an appeal. The question now before us must be determined by consideration of the pertinent provisions of our own Code of Civil Procedure as they stand today, not as originally enacted in 1904.

Sections 22 and 23 of the California Code of Civil Procedure were not included in the Idaho Code nor in our own. Only a part of the Idaho Code was adopted by the Insular Legislature. It can hardly be said that the term special proceeding, wherever used in the Code of Civil Procedure as enacted in 1904, necessarily refers to an independent, original proceeding, and not to a provisional remedy.

Section 327 as adopted in 1904 conferred upon parties to "actions or proceedings" (not necessarily special proceedings) the right to costs and disbursements as provided in subsequent sections. By the terms of section 328, costs were to be allowed as a matter of course to the plaintiff upon a.

judgment in his favor in certain specified cases. A special proceeding was one of the cases enumerated. Section 330 provided for the allowance of costs as a matter of course to the defendant "upon a judgment in his favor in the actions mentioned in section 328, and in special proceedings." Sections 328 and 330 were repealed by subsequent legislation. *J. Ochoa y Hermano* v. *Succession of Lanza,* 17 P.R.R. 701; and *Torres* v. *Pérez,* 18 P R.R. 736. According to section 331, as adopted in 1904, costs might be allowed or not, and, if allowed, might be apportioned between the parties, in the discretion of the court "in other actions than those mentioned in section 328".

Sections 328 and 330 dealt exclusively with cases in which costs were to be allowed as a matter of course. The term special proceeding as used in those sections so far as it may be regarded as a limitation upon the power to award costs was operative only in those cases where the award was made as a matter of course. Costs as a matter of course are now practically obsolete in this jurisdiction, and any limitation upon the power of the court to award costs as a matter of course must be deemed to have disappeared with the elimination of the practice of awarding such costs.

Section 327 was amended in 1908 (Session Laws, p. 85) to read (so far as pertinent, italics ours) as follows:

"Parties to actions or *proceedings* are entitled to costs and disbursements incurred by them, subject to the rules hereinafter provided. . . . *Provided,* that nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or *proceeding,* and *provided, further,* that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or *proceeding,* the degree of blame, if any, of the party against whom judgment is rendered to be considered."

Construing this section as amended, this Court, in *Torres* v. *Pérez, supra,* said:

"The parties to actions or proceedings meant all actions or proceedings, including special proceedings. The fact that special pro-

ceedings are mentioned in section 328 as originally passed makes no difference because section 327 as originally passed referred to actions and proceedings in general.''

As again amended in 1917 (Session Laws, Vol. I, p. 206), this section now reads:

''Parties to actions or *proceedings,* including The People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

''In all cases where costs have been allowed to one party in an action or *proceeding* in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* .That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or *proceeding;* and *provided further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or *proceeding,* considering also the degree of blame, if any, of the party against whom judgment is rendered.'' . (Italics ours.)

A judgment, as defined by section 188 of the Code of Civil Procedure, is ''a final determination of the rights of the parties in an action or *proceeding.''* An order refusing to grant an injunction *pendente lite* is, of course, an interlocutory order in the main action. It is not an interlocutory order in the proceeding for a temporary injunction. As to that proceeding it is in its nature and essence a judgment. It is ''a final determination of the rights of the parties'' in that proceeding. It is so recognized, in effect by section 295 of the Code of Civil Procedure, which places it for purposes of appeal on the same footing with ''a final judgment in an action or special proceeding''.

The proceeding referred to in sections 188 and 327 includes the special proceedings defined in the codes of New York, California, Montana and certain other code states, and in such decisions as *State ex rel. Heinze* v. *Dist. Ct. et al.,* 28 Mont. 227, 72 Pac. 613. It also includes any incidental or

collateral proceeding which culminates in a final judgment or order from which an appeal may be taken. See section 339, as amended in 1917, (Session Laws, Vol. II, p. 228). See also *Anderson* v. *Englehart,* 105 Pac. 571. Here we assume that in every such proceeding the court has before it a satisfactory basis for the exercise of a sound discretion in awarding costs. Ordinarily the facts before the court at the time of refusing to grant a temporary injunction would afford such a basis. Similar questions in other proceedings may be left for consideration in future cases.

It may be that ordinarily even in the case of an application for a temporary injunction it would be better practice to hold in abeyance the question of costs pending a final determination of the action. That, to repeat, is a question which comes too late when raised for the first time on an appeal from the order approving a memorandum of costs. The award of costs in the instant case was not void for want of jurisdiction.

Appellant also renews its attack on the doctrine of *Brac* v. *Ojeda.* The gist of the argument is that *Brac* v. *Ojeda* turns upon the construction of the 1908 amendment; that in this and subsequent cases this Court did not give due consideration to the element of discretion introduced or emphasized by the amendment of 1917; that this discretion should be exercised at the time of the award and not afterwards; that under the doctrine of the *Brac* case ''costs as a matter of course, and without the exercise of any discretion on the part of the court, carry with them more or less attorneys' fees, the amount to be determined in the proceeding for taxation according to the discretion of the court''; and that this position is not warranted by the terms of the statute. Counsel dissent from the opinion in the *Brac* case ''on the ground that the wording of the statute makes discretionary with the court to grant or not costs and to include or not attorneys' fees as part of the costs.''

The fallacy in this argument lies in the unwarranted interpretation which counsel here seek to place upon the opinion in the *Brac* case. That opinion must be construed in connection with the numerous decisions in which this Court has uniformly held that the district courts at the time of awarding costs do exercise a sound judicial discretion not only in making the award of costs as such, but also in excluding therefrom attorneys' fees or not, according to the circumstances of the particular case. In this view there has been no disagreement among the members of this Court. With equal uniformity a majority of this Court has further held that the district court does not exhaust its discretionary power at the time of including attorneys' fees in the award of costs by not expressly excluding such fees therefrom, but may subsequently exercise a like discretion by determining the amount of such fees after presentation of a memorandum of costs and a hearing thereon. Every district judge now understands or should understand that if he does not expressly exclude attorneys' fees from the costs awarded by him in a final judgment he will be understood to have included attorneys' fees in his award of costs and that he will be deemed to have done this in the exercise of a sound judicial discretion. Because of this general understanding growing out of the now settled and long established practice in this regard we have heretofore insisted that the question decided in *Brac* v. *Ojeda* and in subsequent cases to the same effect should not be re-opened. We are still of that opinion.

Appellant also insists that the Circuit Court of Appeals in *United Porto Rican Sugar Co.* v. *Saldaña,* 41 F. (2d) 32, disapproved the doctrine of *Brac* v. *Ojeda* and subsequent cases in which this Court has followed the *Brac* case. We have said that the practice of awarding costs as a matter of course is now practically obsolete in this jurisdiction. Section 5 of the law authorizing the Special Proceeding referred to in *United Porto Rican Sugar Co.* v. *Saldaña,* establishes one of the rare exceptions to the general rule. The English

version of that section says that: "costs shall be taxed against the party against whom judgment is rendered". The language of the Spanish text is *"se impondrán las costas a la parte contra la cual se dictare sentencia."* Costs must be awarded as a matter of course to the prevailing party As to this the court has no discretion. As in other cases, however, it does exercise its discretion at the time of the award in determining whether or not attorneys' fees shall be excluded therefrom. *Hernández* v. *Sánchez,* 41 P.R.R. 72. In all the cases decided by this Court which have any bearing on the case at bar, the question of costs has been considered from the standpoint of section 327 *et seq.* of the Code of Civil Procedure.

We have not before us the brief for appellee in the *United Porto Rican Sugar Co.* case, nor the record on appeal before the Circuit Court of Appeals. The brief for appellant in that case did not invite the attention of the Circuit Court of Appeals to the discrepancy between the Spanish text and the English version of section 5, supra, as bearing upon the question which the Circuit Court of Appeals said was not before it. By the terms of section 339 of the Code of Civil Procedure as amended in 1917, (Session Laws, Vol. II, page 228), costs cannot be taxed until after the expiration of the time within which an appeal may be taken from the judgment awarding the same, nor in the event of an appeal from such judgment until "the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance." We cannot agree with counsel for appellant herein that the opinion of the Circuit Court of Appeals requires a reversal by this Court at this time of the rule established in *Brac* v. *Ojeda* and subsequent cases in line therewith.

The motion for rehearing will be denied.