[S. F. No. 15085. In Bank.—July 19, 1934.]

HARRY I. STAFFORD et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Edmund A. Cunha for Petitioners.

Byron Coleman and Oliva & Coleman for Respondent.

PRESTON, J.—This proceeding in mandate involves the following facts:

Subsequent to a final judgment of the superior court in favor of S. Morton Cohn, in an action against Lillian E. Cohn, annulling the marriage contract between said parties on the ground of insanity of the wife at the time of said marriage, petitioners, who are attorneys at law, at the instance of the guardian *ad litem* of the incompetent, her sister, sought by motion to set aside said decree of annulment, and the property settlement made in connection therewith, for fraud in its procurement. This motion was denied. Petitioners conducted an appeal from the order denying said motion, prepared a record and filed an opening brief. Pending the appeal the incompetent died. Her administratrix, another sister, realizing the change which the death had wrought in the situation, had herself made a party to said proceeding and promptly dismissed the appeal.

When said annulment decree was entered, the husband made a property settlement for the benefit of the incompetent wife, which the court directed to be paid over to her general guardian. Petitioners did not represent the incompetent during this period. At the time petitioners were employed, respondent court had not, nor has it ever since had, any funds or property in its custody or control belonging to the incompetent or to her estate. Petitioners sought in a summary hearing had in said cause to have respondent court fix their compensation for services rendered said guardian *ad litem*. This the court refused to do, holding that it was without jurisdiction in the premises. This proceeding was then instituted in the District Court of Appeal to compel respondent court to take jurisdiction of the application and dispose of it on its merits. The District Court of Appeal gave its decision and judgment in the matter and the cause was later transferred to this court.

Notwithstanding the fact that petitioners, in good faith, rendered services of considerable magnitude, we see no way of giving relief to them in this proceeding. As the services were not rendered to secure necessities, not even

an independent suit would lie against the incompetent. (*McKee* v. *Hunt,* 142 Cal. 526 [77 Pac. 1103].) It is also conceded that in this proceeding petitioners could not hold the guardian *ad litem* personally liable for the value of their services. Neither could the guardian *ad litem* successfully seek from the court in this proceeding an allowance of attorneys' fees by way of expenses incurred, as the court has no funds within its jurisdiction belonging to the ward. In this respect the case differs from the situation in *Cole* v. *Superior Court,* 63 Cal. 86 [49 Am. Rep. 78], relied upon by petitioners. ▮ We are pointed to no authority that would permit petitioners, as attorneys, to proceed in any event independently of the guardian *ad litem.* An award of attorneys' fees directly to them would be irregular and void. (*Stevens* v. *Stevens,* 215 Cal. 702, 704 [12 Pac. (2d) 432].) The only case where an attorney may proceed independently, and maintain an action or an appeal, is for services rendered during administration of an estate as provided in section 911 of the Probate Code, formerly section 1616 of the Code of Civil Procedure. Prior to said enactment an attorney was without independent status in this respect. (*Estate of Kruger,* 143 Cal. 141 [76 Pac. 891]; *Gurnee* v. *Maloney,* 38 Cal. 85 [99 Am. Dec. 352].)

▮ No authority can be found authorizing the court, in an action where no funds exist, to make an order fixing attorney's fees to be collected from some other source. The nearest thing applicable to the question before us seems to be the provisions of sections 1509, 1510 and 1511 of the Probate Code, formerly section 1810b of the Code of Civil Procedure, where approval of a contract for attorneys' fees of a guardian is authorized, when made prior to rendition of the services; and also where, in the absence of a contract, a judgment is recovered in favor of the ward, the court may fix an attorney's fee to be paid out of the funds under its control.

It seems, however, that even these sections can be invoked only by the guardian or guardian *ad litem,* who may represent the ward. The attorney is not a party to the suit and an award directly to him under any circumstances is unauthorized. ▮ Although these code provisions expressly mention minors and do not specifically mention other classes of wards, they are found among the general provisions

applicable to all guardians and we see no reason to hold otherwise than that they measure the power of the court to bind estates of insane persons under guardianship as well as estates of minors. Likewise, we find no reason to hold that the rule respecting a guardian *ad litem* should differ from that respecting a general guardian.

■ We think that the language of 14 Ruling Case Law, section 57, page 290, indicates the proper course in the matter before us, to wit: "If a fund is recovered from the infant by the suit, or if the infant's property is under the control of the court, it will order proper counsel fees to be charged upon it; and if not, the attorney must look to the court which has jurisdiction of the general estate of the infant." And failing to enlist the aid of such representative of the ward, a personal action against the party employing him is all that is left.

The petition is denied.

Curtis, J., Langdon, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.