[Civ. No. 6140. Third Appellate District.—November 17, 1938.]

Mrs. ANNA SUMM, Petitioner, v. THE SUPERIOR COURT OF YOLO COUNTY et al., Respondents.

304

R. Lee Bagby for Petitioner.

A. G. Bailey for Respondents.

THOMPSON, J.—The petitioner seeks to review and annul a judgment rendered against her by the Superior Court of Yolo County in a case on appeal from the Justice's Court of Woodland Township in an action for money had and received as attorney's fees for probating an estate. It is contended both the Justice's Court and the Superior Court were without jurisdiction to hear or determine that cause for the asserted reason that it is an equitable suit to establish a trust and not an action at law and that the cause was barred by the statute of limitations. The Superior Court adopted findings against the defendant, Anna Summ, and rendered judgment accordingly. The evidence which was adduced at the trial is not before this court.

The complaint which was filed in the Justice's Court alleges that this petitioner is the surviving widow of Charles Summ, deceased; that she employed H. M. Ball as her attorney to probate the estate of her husband; that upon proceedings duly had she was appointed and qualified as administratrix of her husband's estate; that her said attorney performed services incident to his employment and completed the probating of the estate with the exception of establishing the inheritance tax, settling the final account and procuring distribution of the property on hand; that H. M. Ball then died and this respondent, Johanna G. Ball, his

widow, was appointed and qualified as executrix of his estate; that after the death of H. M. Ball, Anna Summ employed John H. O'Donnell as her attorney to complete the probating of her husband's estate; that upon application of this petitioner as administratrix of her husband's estate, the final account was settled and approved and she was allowed on December 31, 1934, $497.48 with which to pay the obligations for attorneys' fees incurred in probating the estate; that she paid her attorney, John H. O'Donnell, $248.73 in full for the services which he rendered in probating the estate; that upon demand therefor she failed and refused to pay the plaintiff any portion of the fees which her attorney, H. M. Ball, earned prior to his death; that the services which he rendered are reasonably worth the sum of $248.73, which amount was paid from the estate of her husband to the said Anna Summ to compensate her said attorney and which amount she still retains.

The complaint was couched in three counts. The first cause is a suit in *assumpsit* for money had and received. It contains the following language:

"That within two years last past the said defendants became, and now are, indebted to the plaintiff in the sum of $248.73, *as and for money had and received* by the said defendants to and for the use of the plaintiff herein."

The complaint also contains a separate cause of action based on an alleged conversion of the money. The third cause of action recites circumstances of the employment, the performance of the services of the attorney, the allowance of the fees by the Probate Court, the receipt and retention of the money in the amount of $248.73 by the defendant Anna Summ, the death of Mr. Ball and the qualification of the plaintiff as executrix of his estate, together with her demand for payment of the money and defendant's refusal to do so. The prayer of the complaint is a mere demand for a money judgment in the sum of $248.73. The order of the Probate Court allowing Anna Summ, as administratrix of her husband's estate, the sum of $497.48 with which to compensate her attorneys for the services they rendered was made December 31, 1934. The complaint was filed in the Justice's Court on December 4, 1936, within two years from the time when Anna Summ was authorized by order

of the Probate Court to pay from the funds of her husband's estate, in her hands, the last-mentioned sum to compensate her attorneys.

The answer admits the employment of the attorney, H. M. Ball, the performance of his professional service, the allowance of the claim for attorneys' fees, and the failure to pay the plaintiff any part thereof. Two special defenses are pleaded, namely, the asserted lack of jurisdiction of either the Justice's Court or the Superior Court, and the alleged bar created by the provisions of section 399 of the Code of Civil Procedure.

The Justice's Court rendered judgment in favor of the plaintiff. The cause was appealed to the Superior Court where it was tried *de novo*. The last-mentioned court adopted findings favorable to the plaintiff in every respect, holding that both the Justice's Court and the Superior Court were vested with jurisdiction of the cause and that it was not barred by the statute of limitations. Judgment was accordingly rendered against the defendant Anna Summ for the value of the services of H. M. Ball, in the sum of $124.36 and interest from December 31, 1934, on the theory that she received from the estate of her husband and still retains that amount of money as compensation for the services of her attorney, H. M. Ball.

The defendant Anna Summ may not complain that the Superior Court rendered judgment against her for a sum less than the amount of money which she received, and still retains, from the estate of her husband with which to pay the indebtedness.

We are of the opinion the complaint states a good cause of action in *assumpsit* for money had and received. The plaintiff had a right to elect to bring her suit in *assumpsit* for money had and received. The nature of the cause of action must be determined from a consideration of all of the facts which are alleged in the complaint. (4 Bancroft's Code Pleading, p. 3232, sec. 1907.) In the authority last cited it is said:

"Whether a particular action is one for money had and received or an action *ex delicto*, or one within the jurisdiction of a court of equity, is to be determined from a consideration and analysis of the complaint.

"Under the codes the plaintiff may recover in *assumpsit* for money had and received where the facts pleaded and proved warrant it, though he has pleaded facts which at common law would of necessity have made his action one in tort."

From a consideration of the facts alleged in the last cause of action stated in the complaint, it is entirely clear, in spite of the use of some language which might be otherwise construed, that the suit is one in *assumpsit* for money had and received. It is not an equitable action to declare a trust. It also appears to our satisfaction that the cause accrued on December 31, 1934, when the Probate Court made its order allowing Anna Summ, as administratrix, the sum of $497.48, in her hands as representative of her husband's estate, for the purpose of paying the obligations incurred in hiring her attorneys for probating the estate. That money was allowed for the express purpose of compensating her lawyers for services performed in probating the estate of her husband. She fully paid her attorney, John H. O'Donnell, from that amount for the portion of the services which he performed. It must be presumed the balance of the attorneys' fees allowed by the Probate Court remaining in her possession was for the purpose of compensating her other attorney, H. M. Ball, for the services which he performed. Mrs. Summ therefore received and now holds that money for the benefit of the estate of H. M. Ball, deceased. The employment of H. M. Ball as attorney to probate the estate of Charles Summ, deceased, created an implied contract to pay him the reasonable value of the services which he performed prior to his death. Section 910 of the Probate Code provides that:

"Attorneys for executors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed by the previous article as commissions to executors and administrators; and such further amount as the court may deem just and reasonable for extraordinary services."

It has been held that the employment of an attorney by the executor or administrator of an estate created a personal liability to compensate such attorney for the services which he rendered (*Estate of Kruger*, 143 Cal. 141 [76 Pac. 891];

*Stafford* v. *Superior Court*, 1 Cal. (2d) 321 [34 Pac. (2d) 998] ; 11B Cal. Jur. 489, secs. 1043–1046), in spite of the fact that section 910 of the Probate Code authorizes the payment of his fees from the assets of the estate. Certainly when the fees of an attorney which have been earned in probating an estate have been collected from the estate by order of the Probate Court, and are held by the executor or administrator for that purpose, the attorney is entitled to recover such fees in a suit in *assumpsit* for money had and received.

Since the evidence which was adduced at the trial is not before us, we must assume there was adequate proof to support the finding which was adopted by the Superior Court: "That all of the special defenses raised by the defendant, Mrs. Anna Summ, in her answer to the first amended complaint are untrue."

The temporary restraining order which was issued in this proceeding is vacated and the judgment is affirmed.

Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 17, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1939.