[Civ. No. 2895. Fourth Dist. May 14, 1943.]

LIZZIE KEENAN GARRA, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

O. C. Ludwig and John A. Hewicker for Petitioner.

Clarence Harden for Respondents.

GRIFFIN, J.—On April 1, 1921, petitioner herein was appointed guardian of the person and estate of Margaret Louise Garra, a minor. On April 9, 1921, letters were issued and were in full force and effect until November 9, 1942, when the guardian was discharged by order of court. On December 22, 1934, the minor reached her majority. On July 5, 1935, the court settled the final account of the guardian in which the court attempted to award one W. C. Wilde, the attorney for the guardian, the sum of $100 as attorney's fees, to be paid from the assets of the estate for services rendered by him. The order for such attorney's fees ran directly to said attorney and did not provide that said amount should run as an allowance to the guardian for the purpose of paying the attorney. On November 10, 1942, one day after the guardian had been discharged, and five years after the account was settled attempting to allow the attorney's fees above mentioned, Wilde commenced a proceeding in the superior court in the guardianship proceeding, under which proceeding an order was issued by the Honorable L. N. Turrentine, judge thereof, directing the former guardian, petitioner herein, to appear before that court on November 17, 1942, to show cause why she should not (a) be ordered to pay forthwith to W. C. Wilde $100, plus interest at the rate of 7 per cent from July 5, 1935, and all costs and accruing costs; (b) why execution should not be ordered issued forthwith against her for said $100, plus interest, costs, etc.; and (c) why she should not be adjudged in contempt of said court for her deliberate refusal and failure fully to pay the same.

On the day appointed for the hearing, the former guardian appeared through her counsel and objected to the jurisdiction

of the court to proceed in the matter. The objection was overruled and the hearing proceeded. At the conclusion of the hearing the court made an order as recited in the minutes: "It is ordered that: execution be ordered in accordance with the order to be signed and filed herein." Thereafter, and prior to the signing of any order as directed by the court, counsel for the former guardian asked the court to open the matter for further argument. One John A. Hewicker, an attorney at law, desired to assist the guardian in the matter, believing that the order of the court about to be signed was beyond the jurisdiction of that court. The matter was reopened and briefs were filed. The court refused to withdraw from its former position and thereupon there was presented to that court by W. C. Wilde an order, by which order, if it had been signed by the court, the contempt proceedings would have been dismissed and Lizzie Keenan Garra, petitioner herein, would have been ordered to personally forthwith pay to W. C. Wilde $100 plus interest and costs and accruing costs, and execution would have been forthwith issued to collect the same.

Prior to the court's signing of that order, which was the order contemplated in its minutes, this petition for writ of prohibition was filed and served.

■ Petitioner contends that the superior court had no jurisdiction to make such an order for execution and that the decree of July 5, 1935, in so far as it purports to award attorney's fees directly to W. C. Wilde, is void, as the court had no jurisdiction to award "judgment" to a person not a party to the proceedings.

The order in the instant proceeding was a direct judgment for money in favor of a person not a party to the proceeding and to that extent was irregular and void. (*Keck* v. *Keck,* 219 Cal. 316, 322 [26 P.2d 300]; *Pennell* v. *Superior Court,* 87 Cal.App. 375 [262 P. 48]; *Stevens* v. *Stevens,* 215 Cal. 702, 704 [12 P.2d 432]; *Chavez* v. *Scully,* 62 Cal.App. 6 [216 P. 46]; *Samter* v. *Klopstock Realty Co.,* 31 Cal.App.2d 532, 535 [88 P.2d 250]; *Sullivan* v. *Gage,* 145 Cal. 759 [79 P. 537]; *Estate of Levinson,* 108 Cal. 450 [41 P. 483, 42 P. 479]; *Briggs* v. *Breen,* 123 Cal. 657 [56 P. 633, 886]; *Estate of Kruger,* 143 Cal. 141, 144 [76 P. 891]; *Estate of Goodrich,* 6 Cal. App. 730, 734 [93 P. 121]; *Stafford* v. *Superior Court,* 1 Cal.2d 321, 324 [34 P.2d 998]; *Zagoren* v. *Hall,* 122 Cal.

App. 460, 464 [10 P.2d 202]; *Guardianship of Breslin,* 135 Cal. 21 [66 P. 962]; sec. 1556, Prob. Code.)

The judgment and order for the payment of fees to the guardian's attorney being void, the respondent court was without jurisdiction to enforce such judgment. The order for execution to issue thereon was beyond the jurisdiction of the court to make. Prohibition is a proper remedy herein. (*Guardianship of Morro,* 36 Cal.App.2d 623 [98 P.2d 552]; sec. 1630, Prob. Code.)

Let a peremptory writ issue.

Barnard, P. J., and Marks, J., concurred.