[S. F. No. 6472.   Department One.—August 27, 1913.]

In the Matter of the Estate of MARY JANE BRAGG, Deceased.

ESTATE OF DECEASED PERSON—SALE OF LAND SPECIFICALLY DEVISED— PAYMENT OF CREDITORS—REFUSAL TO ORDER SALE—PROBABILITY OF ESTATE ACQUIRING RESIDUARY FUNDS.—The court in probate is not guilty of an abuse of discretion in denying an application for the sale of specifically devised real estate for the purpose of paying the claims of creditors of the deceased, notwithstanding there is no money in the hands of the executors immediately available for that purpose, if the evidence adduced at the hearing of the application justifies the conclusion that, as the result of pending litigation, the estate, within a reasonable time, would come into the possession of funds, which would constitute a part of the residuum of the estate, and be more than sufficient to pay all of such claims.

ID.—CREDITOR NOT ENTITLED TO IMMEDIATE PAYMENT.—The mere fact that there is no money in the hands of an executor or administrator available for the payment of debts does not necessarily conclude the court in probate upon such an application. With the exception of certain preferred charges, debts are required to be paid only as

ordered by the court, "as the circumstances of the estate require" (Code Civ. Proc., sec. 1647), and the creditor cannot insist on immediate payment, regardless of the circumstances of the estate.

ID.—RESORT TO PROPERTY SPECIFICALLY DEVISED.—While all of the property of a deceased is liable for debts and expenses of administration, property specifically devised or bequeathed belongs to the last class of property to be resorted to for such purpose (Civ. Code, sec. 1359), and is exempt from liability "if it appears necessary to carry into effect the intention of the testator, and there is other sufficient estate" (Code Civ. Proc., sec. 1563).

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing an application for the sale of real property belonging to the estate of a deceased person.   J V. Coffey, Judge.

The facts are stated in the opinion of the court.

Gerald C. Halsey, for Appellant.

T. A. Perkins, and R. V. Whiting, for Respondents.

ANGELLOTTI, J.—This is an appeal by Robert Bragg, a creditor of deceased, from an order denying his petition for an order of sale of the real property of deceased, the application for such order being based on section 1545 of the Code of Civil Procedure, which authorizes any person interested in the estate to make such an application, when the executor or administrator neglects or refuses to do so, and the same is necessary, or for the advantage, and benefit or best interests of the estate.   The application was opposed by three out of the four devisees under the will of deceased.   The court denied the application without making any findings of fact, specific findings being waived.

The record presents a somewhat peculiar combination of facts   The petitioner, Robert Bragg, was the father of deceased, and he and Rebecca Bragg Martenstein, a sister of deceased, one of the opposing devisees, are the executors under her will.   By her will, dated April 9, 1906, deceased gave her real property fronting on Sixteenth Street, between Noe and Castro streets, in San Francisco, to two of her sisters, and her real property at the corner of Dolores and Fourteenth streets in said city to her two other sisters.   She owned no

other real property. Subject to bequests of five dollars to each of her three brothers, she gave all the rest and residue of her property to her father, petitioner here, declaring said residue to consist of "money, bric-a-brac, pictures, jewelry, silver, furniture and other belongings." She died June 15, 1910, and her will has been admitted to probate, and petitioner and Rebecca Bragg Martenstein were regularly appointed and have ever since been executor and executrix. The only personal property immediately available for the payment of debts and expenses of administration is a small lot of furniture and personal belongings of the value of about fifty dollars. If there is any other personal property belonging to the estate it is in the possession of the four devisees, who hold it under claims of ownership, by virtue of alleged gifts from deceased during her lifetime. There is some suggestion in the evidence that petitioner may also have in his possession some personal property belonging to deceased, but he denies that there is any such property in his possession, claiming that such property as he has that ever belonged to deceased, was given to him by deceased. Suits are pending on behalf of the estate, instituted by petitioner as executor, against each of the devisees, for the conversion of certain shares of corporate stock that at one time belonged to deceased, and which, it is claimed, the devisees have converted to their own use. The amount involved therein is something over twenty-five thousand dollars. Each devisee claims to own the property on account of which a recovery is sought against her, by reason of a gift of the same to her by deceased. The action against Elizabeth Bragg Cumming, one of said devisees, has resulted in a judgment in the superior court against her for $6,357.50 and costs, a motion for a new trial therein has been denied, and an appeal from such judgment by the defendant is now pending in this court  The action against Rebecca Bragg Martenstein has resulted in a judgment in the superior court for defendant, and an appeal has been taken by plaintiff to the supreme court. The other two actions have not yet been tried in the superior court. The only parties interested in the estate, other than the three brothers of deceased, each of whom is given a legacy of five dollars, are the father (petitioner here) and the four devisees. The only creditor is the father, and his claim is: 1. One for $271.75, allowed and ap-

proved January 24, 1911, with interest from that date, amounting to twenty-one dollars; and, 2. One for $420.29 for moneys advanced and expenditures made for and on behalf of the estate, allowed and approved on the settlement of his first' account as executor. In his closing brief appellant's attorney insists that it is sought to obtain by a sale only a sum sufficient to pay appellant's claims amounting to $713.04, and we will consider the case upon that theory.

These being the facts, we are of the opinion that it should not be held that the court in probate was guilty of any abuse of discretion in denying the application; or, in other words, in coming to the conclusion that it was not satisfied that a sale of the real estate was then necessary for the purposes stated in the application. The mere fact that there is no money in the hands of an executor or administrator available for the payment of debts does not necessarily conclude the court in probate upon such an application. With the exception of certain preferred charges, debts are required to be paid only as ordered by the court, "as the circumstances of the estate require" (Code Civ. Proc., sec. 1647), and the creditor cannot insist on immediate payment, regardless of the circumstances of the estate. In this proceeding it is sought to resort for the payment of petitioner's claims to the only property specifically devised or bequeathed in the will, viz., the land specifically devised to the four sisters of decedent. While all of the property of a deceased is liable for debts and expenses of administration, property specifically devised or bequeathed belongs to the last class of property to be resorted to for such purpose (Civ. Code, sec. 1359), and is exempt from liability "if it appears necessary to carry into effect the intention of the testator, and there is other sufficient estate" (Code Civ. Proc., sec. 1563). Notwithstanding the expressed views of some of the witnesses to the contrary, there was sufficient in the evidence to support a conclusion that it may not be necessary to resort to the land specifically devised in order to pay either the debts, or the expenses of administration. One of the claims in litigation had already reached judgment in favor of the estate for the amount of $6,357.50, and the defendant's motion for a new trial therein had been denied. It was not made to appear that this judgment cannot be collected if it be affirmed on appeal. While

it may be conceded that the showing made was not such as to preclude the court from ordering a sale of so much of the property as was essential in order to pay the claims of petitioner, we are satisfied that it should not be held that the court was not warranted in concluding, in view of the showing made, that a sale of any of the property specifically devised for the purpose of paying such claims was not now necessary, and, for the proper adjustment of the rights of all interested in the estate, should be deferred until such time as it could be more satisfactorily shown that there was no other property belonging to the estate. We find nothing in the decisions cited by appellant requiring a different conclusion, and it appears to us that to hold otherwise would be to unduly interfere with the discretion of the court in probate. In *Estate of Couts,* 87 Cal. 480, [25 Pac. 685], the only case cited in which a reversal of an order denying an application for an order of sale was had, the lower court had nonsuited the petitioner, who had made a sufficient *prima facie* showing. A new trial was ordered. There is nothing in the opinion inconsistent with the views we have here expressed. Of course, if the evidence was susceptible of no other conclusion than that the realty specifically devised was the only property that would ever be available, or available within a reasonable time, a very different question would be presented. But we certainly are not prepared to hold that a creditor may force a sale of such property despite the conclusion of the judge in probate that the same is not necessary simply because at the moment there is no money in the hands of the executor or administrator, and no other property immediately available for the payment of his claim.

The order appealed from is affirmed.

Sloss, J., and Shaw, J., concurred.