[Civ. No. 2223.   Third Appellate District.—March 16, 1921.]

## A. G. ERNST, Respondent, v. ELBERT R. TIEL, Appellant.

[1] QUIETING TITLE—EVIDENCE—FINDING—JUDGMENT.—In this action to determine conflicting claims to real property under the provisions of section 749 of the Code of Civil Procedure, in which the allegations of the complaint embraced every averment required under section 738 of the Code of Civil Procedure to quiet title to real property, the uncontradicted evidence showing that plaintiff had been in possession of the property continuously for over five years prior to April 1, 1877, the date the amendment of section 325 of the Code of Civil Procedure, requiring payment of taxes as a necessary element of such title, became effective, and that at that time the fences on the exterior boundary thereof had the

appearance of being at least ten or twelve years old, was sufficient to support the finding of the trial court as to the adverse occupancy of the premises in controversy by plaintiff and his predecessors and to justify the judgment quieting plaintiff's title thereto.

[2] Id.—Issues—Evidence—Judgment.—Where, in an action brought under the provisions of section 749 of the Code of Civil Procedure, the issue of title is raised by the pleadings of the parties, and therefore is properly before the court for determination, the court, upon sufficient proof, may render judgment quieting plaintiff's title to the property under the general provisions of the law relating to actions of that character, although plaintiff's proof is not in strict accordance with said code section.

[3] Municipal Corporations — Estoppel in Pais — Application of Rule.—The general rule is that the principle of estoppel *in pais* will not lie against a municipal corporation, but it may be invoked in exceptional cases where justice and right require it.

[4] Id.—Collection of Taxes—Title to Property—Estoppel.—The wrongful or erroneous collection of a tax on public property, standing alone, does not estop a municipal corporation from asserting its legal title to such property.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. S. Wahrhaftig for Appellant.

C. E. McLaughlin and C. P. McLaughlin for Respondent.

BURROUGHS, J., *pro tem.*—This is an action to determine conflicting claims to real property under the provisions of section 749 of the Code of Civil Procedure. The allegations of plaintiff's complaint bring him within the provisions of that section of the code and also embrace every averment required under section 738 of the Code of Civil Procedure to quiet title to real property.

The property described in the complaint is the east half of lot No. 2, and a strip of land contiguous thereto in lot No. 3, all of said land being in the block bounded by Ninth and Tenth and "O" and "P" Streets, in the city of Sacramento, and designated by counsel as "the colored school lot."

All of the defendants, with the exception of defendant Tiel, either filed disclaimers or suffered their defaults to be entered. Defendant Tiel answered, denying plaintiff's ownership of the land described as a portion of lot No. 3, alleged title thereto in himself, and asked that the same be quieted.

The court found that the plaintiff is now, and that he and his predecessors in interest have been, in the actual, exclusive, and adverse possession of the land in controversy, continuously, for fifty years prior to the filing of the complaint. The date of the filing of the original complaint does not appear in the record, but the amended complaint, upon which the cause was tried, was filed January 4, 1917.

The court entered its judgment quieting plaintiff's title to all of the lands described in the complaint and defendant Tiel has appealed from the judgment.

[1] Appellant contends that the evidence is sufficient to support the finding of the court that plaintiff had been in the adverse occupancy of that portion of the premises within the school inclosure and described as a part of lot No. 3.

The undisputed testimony of all the witnesses establishes the fact that the lot described in the complaint, together with the building thereon, had been used as a school for colored children, since at least as early as the year 1877, and that the fences on the exterior boundary thereof were in the same place at the time of the trial as they were in 1877, and that in 1877 they had the appearance of being at least ten or twelve years old. One witness, R. T. Carrington, testified that he had lived in Sacramento continuously since 1871 or 1872; that the location of the fences had never been changed and that he was almost sure that the fences were there in 1871 or 1872. This uncontradicted evidence was sufficient to support the finding complained of. It was unnecessary to prove payment of taxes to establish title by adverse possession, as respondent's title was complete prior to April 1, 1877, the date the amendment of section 325 of the Code of Civil Procedure, requiring payment of taxes as a necessary element of such title, became effective.

[2] Appellant further contends that, the action having been brought under the provisions of section 749 of the

Code of Civil Procedure, plaintiff was not entitled to relief, except upon strict proof in accordance therewith; that having failed to prove payment of taxes, as provided in said section, he was not entitled to a judgment quieting title under the general provisions of the law relating to actions of that character.

In support of this proposition he cites *Mondran* v. *Goux*, 51 Cal. 151, *Bryan* v. *Tourmey*, 84 Cal. 126, [24 Pac. 319], and *Shenandoah M. & M. Co.* v. *Morgan*, 106 Cal. 417, [39 Pac. 802]. An examination of these cases shows that in each instance the findings of the trial court were without the issues raised by the pleadings, and not, as in the case at bar, findings upon issues presented by the pleadings. The point has been decided contrary to appellant's contention in *Faxon* v. *All Persons*, 166 Cal. 107, [L. R. A. 1916B, 1209, 137 Pac. 919]. That action was brought under the McEnerney Act (Stats. 1906 (Ex. Sess.), p. 80). The defendant answered the complaint and submitted his claim to the property to the jurisdiction of the court for adjudication. Plaintiff's proof failed to bring him within the scope of said act, but, notwithstanding, upon the allegations of the complaint and answer, and the proof adduced, the court rendered judgment quieting plaintiff's title to the land in controversy. The defendant appealed, presenting the same question now raised by this appellant. In disposing of this branch of the appeal it was held that, as between the plaintiff and the appealing defendant, by reason of the issues raised by their pleadings, the action was in substance and effect one to quiet title to real property and the judgment was affirmed.

The rule promulgated in that case is to be applied with equal force to the case at bar. The issue of title was raised by the pleadings of the parties and was therefore properly before the court for determination.

It is the final contention of appellant that, as the city of Sacramento levied and collected taxes on the property, the respondent, as the successor in interest of said city, is estopped to claim title thereto.

It appears from the record that for twenty years prior to the commencement of this action the west half of lot No. 3, which includes the strip of land in controversy, had

been assessed to appellant and the taxes had been paid by him.

[3] It is a general rule that the principle of estoppel *in pais* will not lie against a municipal corporation, but that it may be invoked in exceptional cases where justice and right require it. The case of the *City of Los Angeles v. Cohn,* 101 Cal. 373, [35 Pac. 1002], upholds this rule. It is there held in substance that possession of land for forty years, the erection of valuable buildings thereon after the city, through its city council, had found that the city had no claim or title to the property, and that a judgment in its favor would result in a destruction of the defendant's buildings, constituted a case within the exception to the general rule that estoppel *in pais* will not lie against a municipality, and commenting on this doctrine the supreme court says: "The question being a new one in this state, and a most important one, we will content ourselves with an application of it to the facts of the present case, and not attempt to promulgate any general rule by which every case invoking the doctrine may be weighed and measured. If we concede the existence of the principle of estoppel *in pais* against the public in certain exceptional cases, then this case is rightly decided." The judgment was affirmed.

[4] In Ruling Case Law, volume 10, page 712, it is said that the wrongful or erroneous collection of a tax on public property does not estop a municipal corporation from asserting its legal title thereto.

In the instant case payment of taxes is the only circumstance relied upon by appellant to take the case out of the general rule. Standing alone, this fact is insufficient to justify such holding, especially when it appears that plaintiff and his grantors have been in the adverse occupancy of this land for more than fifty years.

We find no error in the record.

The judgment is affirmed.

Hart, J., and Prewett, P. J., *pro tem.,* concurred.