[L. A. No. 14481. In Bank.—June 23, 1936.]

In the Matter of the Estate of J. B. LANKERSHIM, etc., Deceased. DORIA C. LANKERSHIM et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

Edward M. Auslender, Loeb, Walker & Loeb, Milton H. Schwartz and Irving M. Walker for Appellants.

Hanna & Morton and W. W. Wallace for Respondents.

CONREY, J.—This matter comes before the Supreme Court upon hearing granted after decision by the Second District Court of Appeal, Division Two. The appeal is from an order of the trial court fixing the fees of a special administrator and the fees of an attorney who acted as attorney for the special administrators.

The following facts shown by the record are here given as stated in the opinion of the District Court of Appeal:

"The deceased, Colonel J. B. Lankershim, died in New York on October 16, 1931. Mr. J. Wiseman MacDonald, who for a number of years had been the attorney for the deceased,

had in his possession a will which he had prepared for Colonel Lankershim in 1929, by the terms of which practically the entire estate was left to Doria C. Lankershim and John I. Lankershim, children of the testator, and who are the objectors and appellants herein. Mr. MacDonald cabled the beneficiaries, who were in France, and, in accordance with the authority cabled back, presented the will for probate in the names of the son and daughter and himself, these three being the executors named in the will. A few days later Mr. Mac-Donald was first informed of and received from a personal attendant of Colonel Lankershim a document purporting to be a will executed by the latter two weeks before his death, by the terms of which each of the children was to receive three-tenths of the estate, one-tenth was left to Mr. Mac-Donald and the remainder to other beneficiaries, and in which Mr. MacDonald and Bank of America were named as executors. Mr. MacDonald then filed a petition asking that this will be admitted to probate, also signing as in the petition for probate of the prior will, as attorney for the petitioners. The probate of the later will, that of 1931, was abandoned after a contest had been filed and, in this connection, it appears that Mr. MacDonald executed to the contestants, the children and beneficiaries under the first will a transfer of any rights he might have under the 1931 will. Prior to the filing of the will of 1931 for probate, the Bank of America advised Mr. MacDonald that it desired him to represent the bank as its attorney in the probate proceedings, and this Mr. MacDonald agreed to do. In view of the contest and to preserve the estate and to do those things necessary until the executors should be appointed, Mr. MacDonald and the Bank of America were appointed as special administrators. The bank employed Mr. MacDonald to act as its attorney throughout the administration of the estate and he so acted until December, 1932, when executors were appointed. It was agreed between the bank and Mr. MacDonald that the latter would waive all right to administrator's fees and that the bank would do practically all of the work of administration and that Mr. MacDonald should receive only the fees of an attorney for the estate.

"In February, 1932, the powers of the special administrators were made general and so continued during their administration. The agreement of Mr. MacDonald in relation

to the matter of fees was declared by him in open court at the hearing of the petition for special letters of administration and in the presence of counsel for appellants and was promptly communicated to Doria Lankershim and John Lankershim, appellants herein, and to their attorneys. No objection appears to have been made by the court or any person until the proceedings which give rise to this appeal and after the services upon which the claim for fees was made had been rendered, and the record warrants the conclusion that appellants first made objection in the matter of the fees of the special administrator and the attorney fees claimed by Mr. MacDonald at the time the matter of fixing such fees was presented to the trial court. Prior to the filing of the accounts of the special administrators, Mr. MacDonald had performed all legal services required by the estate.

"Upon the filing of the final account of the special administrators and petition for allowance of fees, the trial court found and fixed the amount of the administrative fees to be allowed the Bank of America in the sum of $49,387.75 and the amount of attorney's fees to be allowed Mr. MacDonald in the sum of $56,443.15, minus the sum of $10,000 which had been paid him on account of such fees prior to the filing of the accounts. It appears that Mr. MacDonald also performed special legal services in the contesting of a claim filed against the estate by one Irene Herbert in the sum of $500,-000, for which special services the trial court, basing its findings upon substantial proof in the record, fixed and allowed as reasonable compensation the further sum of $15,000.

"The basic contention of appellant is that Mr. MacDonald, by reason of the fact that he was one of the special administrators, could not, as a matter of law, receive any compensation for legal services, regardless of whether his employment was by both special administrators or solely the employment of his coadministrator, the Bank of America. It may be noted here that it is not contended that an administrator or executor may not perform legal services in estate matters but merely that, if he does so, he is entitled to no compensation therefor.

"Section 910 of the Probate Code provides that 'Attorneys for executors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed by the previous article

as commissions to executors and administrators; and such further amount as the court may deem just and reasonable for extraordinary services.' Sections 901 and 902 of the same code provide for the commissions of executors for regular and extraordinary services, limiting the latter to what the court may deem just and reasonable and basing the regular compensation upon the amount of the estate accounted for. Section 467, by reference, makes the foregoing sections applicable to cases where the estate is handled by special administrators. There is nothing in our statutes bearing upon the question as to the right of an individual to act as both administrator or executor and as attorney, nor is there any specific provision of law in this state laying down the rule as to fees and commissions in such cases.''

In California it is established law that if an executor, administrator or testamentary trustee, being himself a practicing lawyer, elects to act as his attorney in the performance of the services incident to the administration of an estate, the general rule is that he will not be entitled to an allowance against the estate for his professional services in the absence of some statutory provision entitling him. thereto. The rule is grounded upon the principal that the administrator in selecting himself to perform the duties of an attorney for the estate would become his own employer, and would be under temptation of self-interest which might lead him to act contrary to the duties of his trust. Therefore public policy establishes the rule as above stated. This rule and the legal history thereof has been restated by this court in *Estate of Parker*, 200 Cal. 132 [251 Pac. 907, 49 A. L. R. 1025]. It is upon this case that appellants rely in support of their contention that respondent MacDonald should not be permitted to receive any fees for his services as attorney in the course of the special administration of this estate. Unquestionably the rule exists as stated in *Estate of Parker, supra,* and we have no disposition to modify the ruling made in that case.

But we are further of the opinion that the case at bar presents a suitable exception to the rule set forth in the Parker case. The rule itself is not a rule of law as distinguished from equity. On the contrary it is a statement and illustration of a principle of equity. Equity or chancery law has its origin in the necessity for exceptions to

the application of rules of law in those cases where the law, by reason of its universality, would create injustice in the affairs of men. Therefore, while we recognize the equitable rule suggested by appellants as illustrated by the case of *Estate of Parker, supra,* we think that the case at bar involves and requires the application of further principles of equity which sustain the decision of the trial court. ▇ From the evidence it appears that this is not the ordinary case in which an attorney at law in the performance of the duties of an executor or administrator utilizes his own knowledge of the law in the performance of his official duty. Here it appears that the previous relations of MacDonald with the decedent and with appellants, had made him the one person peculiarly and completely familiar with the property and business affairs of an estate amounting to nearly seven millions of dollars. For reasons which have been indicated, it became necessary to institute a special administration pending the determination of the questions relating to two purported wills, and preliminary to the establishment of a regular administration of the estate. Apparently with the consent of all parties in interest the court was requested to appoint the bank and MacDonald as special administrators. If those special administrators when appointed had chosen to employ another attorney at law to advise them in connection with their duties, there is no doubt that the administrators would have been entitled to one fee and the attorney so selected would have been entitled to another fee under the limitations of the statute and the orders of the court. But in the particular case it was apparent to all parties in interest that the principal part of the duties of administration in the way of routine work should be performed by the bank and that it would be greatly to the interest of the estate to have the duties of legal counsel performed by Mr. MacDonald.

We may concede that if Mr. MacDonald had been appointed both as special administrator and as attorney without knowledge of the parties in interest that he was performing the duties of an attorney and without knowledge of the court that such course of action was to be pursued, the principles stated in *Estate of Parker, supra,* might be applicable in the determination of this appeal. But it further appears that before anything was done to fix and determine

the conditions under which this trust was to be performed, the fact was openly stated to the parties in interest, including appellants and their attorneys, and it was well understood by the court, that Mr. MacDonald proposed to waive all claim to fees as special administrator and look only to such allowance as might be made for his services as an attorney for the administrators. The record leaves no doubt that this was clearly understood by appellants, and although they were given full opportunity to state any objection which they might have to such arrangement, they made no such objection until the services had been fully performed, and the time arrived for payment. Under these circumstances we are of the opinion that appellants are now *estopped* by their own conduct. They have knowingly permitted Mr. MacDonald to expend much valuable time and to give them the benefit of important services without affording to him that opportunity of self-protection to which he was entitled if there was to be any challenge of his claim for compensation.

It has been suggested that the order should be reversed on the ground that it purports to be an allowance in full of the commissions and fees of the special administrator and of the attorney prior to final settlement of the estate. This is based upon the fact that under section 901 of the Probate Code the total amount of allowable fees is limited to a percentage of the amount of the estate accounted for, and it is contended that this means the amount of the estate as disclosed by the final account. In response to this contention it is necessary only to refer to section 467 of the Probate Code, contained in the chapter on Special Administrators. It is there provided that the commissions of the special administrator and the fees of his attorney shall be fixed by the court, but that the total fee paid to the attorneys both of the special administrator and executor, or of the special administrator and general administrator ''must not, together, exceed the sums provided in this code as compensation for the ordinary and extraordinary services of attorneys for executors or administrators''. From the record herein, including the findings of fact and order of the trial court, it does not appear that the order as made is in conflict with the provisions in the statute. Moreover, it appears that the objection now suggested by appellants was not made in the trial court.

Under these circumstances we find no sufficient reason for further consideration of such objection.

The order is affirmed.

Waste, C. J., Shenk, J., Seawell, J., Curtis, J., and Thompson, J., concurred.

Rehearing denied.