[Civ. No. 12611. Second Appellate District, Division Two.—May 6, 1940.]

In the Matter of the Estate of NANCY RAY LAIR, Deceased. JOHN W. LAIR, Trustee, etc., Appellant, v. JOHN W. SCHNELL et al., Respondents.

A. W. Brunton for Appellant.

Charles W. Cradick and William H. Haupt for Respondents.

WOOD, J.—The will of Nancy Ray Lair, who died on September 7, 1934, was admitted to probate on October 18, 1934. In this will she left all her property, excepting clothing, jewelry and household furniture, to her husband, John W. Lair, as trustee. The will provided that the entire net income

received from the trust estate should be "paid" to John W. Lair during his life and upon his death the trust estate should go to certain named relatives. Among the provisions of the will are the following:

"This is a trust for maintenance, and I direct that the income from the trust estate be paid to the beneficiaries hereunder by my Executor, beginning from the date of my demise and continuing until distribution of the trust estate to the Trustee. (e) It is my desire that this trust be maintained for the purpose of providing the income therefrom to my said husband as long as he shall live, and I therefore do not desire that any part of my real property be sold by my said trustee, and I direct that the whole thereof be retained in the trust estate. (f) I direct my said trustee to pay all insurance, taxes and assessments against said property before using any of the income therefrom, so as to keep the title to said property clear."

John W. Lair, who was named executor as well as trustee, filed a petition in the probate court on July 2, 1936, asking for an order of the court authorizing the execution of a trust deed upon certain real property of the estate to secure the payment of the sum of $850 to be borrowed for the use of the estate in paying the expenses of administration. On July 22, 1936, the court authorized the execution of the trust deed, and in its order directed the executor to execute a deed of trust on the property therein described in favor of John Letoile "on the usual and customary form, wherein the Security-First National Bank of Los Angeles is named as trustee, which said form includes an assignment of rents, to secure the payment of said note. . . . ; that the interest, principal and insurance premiums shall be paid out of the whole estate of said decedent". The deed of trust was thereafter executed.

The executor presented his final account and petition for distribution on August 17, 1936. This petition was granted by the court by its order on September 10, 1936, in which order the estate was distributed to John W. Lair as trustee in accordance with the terms of the will. No reference was made in the order to the trust deed above mentioned. The first account of the trustee was filed with the court on June 20, 1939. Objections to this account were filed by beneficiaries who were to take the trust estate upon the death of John W. Lair, and upon hearing the report and the objections thereto

the court ordered that John W. Lair be charged with the sum of $850 and ordered that he pay this sum to the trust estate to discharge the principal of the note and trust deed which had been previously executed before any sum could be paid to himself for his support. On this appeal the trustee claims that the court erred in making this order.

The trust estate consisted of real property of the approximate value of $5,500. The executor, being also the beneficiary of the income from the estate, collected the rents from the real estate during the course of administration, out of which he paid "all insurance, taxes and assessments" as directed in the will, and from the balance of the rents received he paid to himself for his own support the sum of $995.63. This sum was used for his support during the period from September 7, 1934, to July 2, 1936. The executor was justified in making these payments to himself from the income. The beneficiary of a trust for maintenance is entitled to the income during the administration of an estate. (*Estate of Mackay,* 107 Cal. 303 [40 Pac. 558].) The will before us specifically provided that the trust is one for maintenance and that income from the trust estate should be paid to the beneficiary from the date of the demise of the testatrix. In receiving for himself the income after the payment of "insurance, taxes and assessments" the appellant acted in accordance with the provisions of the will.

The order authorizing the execution of the trust deed and the order for distribution to the trustee both became final long before the hearing on the first account of the trustee. It was not necessary to set forth in the order for distribution that any part of the estate distributed to the trustee was in fact encumbered by a trust deed. Since it was necessary to raise funds to pay the expenses of administration, the probate court unquestionably acted properly in authorizing the execution of the trust deed for the purpose of obtaining the funds. The expenses of administration are chargeable against the principal of the estate and may not be deducted from the income. (*Estate of Dare,* 196 Cal. 29 [235 Pac. 725].) The interest on the $850 was properly paid by the beneficiary, but the court erred in compelling him to pay the principal before receiving further income.

Respondents refer to a statement contained in the findings of the trial court "that by order of this court hereto-

fore made, it was ordered that the said encumbrance be paid from the income from the whole of said estate''. This statement was merely the conclusion of the trial court and as such it was erroneous. Respondents also refer to the language used by the court in its order authorizing the execution of the trust deed, in which it is said that the deed should be executed in the usual and customary form used by a bank named in the order, ''which said form includes an assignment of rents, to secure the payment of said note''. The reference to the assignment of rents to secure the payment of the note was inserted for the protection of the party lending the money. The order of the court expressly provided that the principal should ''be paid out of the whole estate''. The order should be construed as directing the payment of the principal out of the *corpus* of the estate and not out of the income.

The order is reversed and the superior court is directed to settle the account in accordance with the views herein expressed. The appellant shall recover costs of appeal from the respondents.

Moore, P. J., and McComb, J., concurred.