[L. A. No. 16599. In Bank.—September 19, 1940.]

In the Matter of the Estate of ELNORA GARRIE SMEAD, Deceased. IRVIN C. LOUIS, as Trustee, Respondent, v. PHILLIP SMEAD BIRD et al., Appellants.

[L. A. No. 16600. In Bank.—September 19, 1940.]

In the Matter of the Estate of A. AMELIA SMEAD, Deceased. IRVIN C. LOUIS, as Trustee, Respondent, v. PHILLIP SMEAD BIRD et al., Appellants.

Joseph D. Taylor for Appellants.

H. B. Pool for Respondent.

SHENK, J.—An appeal has been taken from an order in each of the above-entitled proceedings, authorizing the testamentary trustee to sell sufficient of the trust property to pay attorney's fees totaling $1,000 before distribution to the remaindermen.

This court denied motions to dismiss said appeals in *Matter of Smead's Estate*, 12 Cal. (2d) 20 [82 Pac. (2d) 182], the opinion in which is referred to for a more detailed statement of the facts. By its decision therein this court dismissed appeals from the consolidated decree which settled the trustee's accounts, provided for payment of $1,000 from the trust estate to the trustee's attorney, and ordered distribution to the remaindermen after payment of such fees. Those appeals were dismissed on the ground that they were taken too late. Appeals from orders denying motions to strike a notice of intention to move for a new trial and a modification of the decree settling the trustee's accounts were dismissed on the ground that the orders were nonappealable. It was held that the order to sell the trust property was an appealable order. Subsequently a motion to dismiss the appeal from that order, made on other grounds, was denied.

The appellants, who are the remaindermen, contend that that portion of the decree which provided for payment of the attorney's fee directly to the attorney and out of the trust estate before distribution to the remaindermen was beyond the court's jurisdiction. They insist that that portion of the decree is void and may be attacked collaterally on this appeal, notwithstanding the fact that the decree has long since become final. It is urged that the court had no power to order payment of the fees directly to the attorney, nor any power to make payment thereof a condition precedent to the distribution of the *corpus* of the trust, and that the proper procedure would have been to make an allowance of the attorney's fees as a credit on the trustee's account.

The controversy arose by reason of the fact that the court found that the trustee was indebted to the estate in a sum larger than the amount of the attorney's fees ordered paid. The indebtedness of the trustee resulted from certain losses suffered by the trust estate, and judgment was rendered in favor of the remaindermen against the trustee in the amount found to be due from him.

The appellants concede that the decree and order for sale of property pursuant thereto are proper when the subject-matter is the estate of a decedent, referring to section 911 of the Probate Code. But they contend that the estate here involved is a trust as distinguished from a decedent's estate, and that section 1122 of the Probate Code, within the chapter on "Administration of Trusts", is the applicable section. Section 1122 does not include provisions similar to section 911 (formerly a portion of section 1616 of the Code of Civil Procedure). It is claimed that pursuant to section 1122 the court had power only to allow attorney's fees as a credit to the trustee in accordance with the practice prevailing in the administration of decedents' estates prior to the amendment of section 1616 of the Code of Civil Procedure, adopting the provisions which now comprise section 911 of the Probate Code, citing *Estate of Ogier,* 101 Cal. 381, 385 [35 Pac. 900, 40 Am. St. Rep. 61], *Estate of Kruger,* 143 Cal. 141, 144 [76 Pac. 891], and *Golden Gate Undertaking Co.* v. *Taylor,* 168 Cal. 94, 97 [141 Pac. 922, Ann. Cas. 1915D, 742, 52 L. R. A. (N. S.) 1152].

A complete answer is found in the decision in the *Matter of Smead's Estate, supra,* wherein it was determined

that the court in settling the accounts of the testamentary trustee was acting in the exercise of its probate jurisdiction. That jurisdiction was continuing and attached to the *corpus* of the trust when it passed from the respondent as executor to himself as testamentary trustee. Thus it was proper for the court to make provision for attorney's fees in its decree settling the trustee's accounts in conformity with the law applicable to decedents' estates. The order to sell sufficient property of the estate to carry out the provisions of the decree followed as a matter of course. The appellants do not contend that the order to sell was improper, if the pertinent provisions of the decree were within the probate court's jurisdiction.

The manner of payment of attorney's fees, whether by credit against the amount owed to the estate by the trustee, or pursuant to the provisions of the decree entered in the probate proceeding, was primarily for the probate court to determine. That decree has become final, and any questions relating to the exercise of the court's discretion in relation to the matter in controversy are not properly before this court on the appeal from the order for the sale of trust property made in execution of the provisions of said final decree.

Our determination that the questioned provisions of the consolidated decree were within the exercise of the continuing probate jurisdiction of the court and were therefore valid disposes of all contentions of the appellants.

The orders are affirmed.

Carter, J., Spence, J., *pro tem.,* Houser, J., and Gibson, C. J., concurred.

Rehearing denied.