[Civ. No. 13581. Second Dist., Div. Two. May 25, 1942.]

JOHN W. SHNELL et al., Respondents, v. A. W. BRUNTON, as Administrator With the Will Annexed, etc., Appellant.

A. W. Brunton in pro. per for Appellant.

Charles W. Cradick and William H. Haupt for Respondents.

WOOD (W. J.), J.—A complaint, which plaintiffs term a bill in equity, was filed on September 12, 1939, against John W. Lair, trustee under the will of Nancy Ray Lair, deceased, seeking the removal of the testamentary trustee, the cancellation of a deed of trust for $850, and a personal judgment against the trustee. The appeal comes before us together with the appeal in the matter of the *Estate of Nancy Ray Lair*, deceased, No. 13438, *ante*, p. 222 [—— P. (2d) ——], this day decided. A former appeal in the matter of the *Estate of Nancy Ray Lair*, deceased, was decided by this court and is reported in 38 Cal. App. (2d) 737 [102 P. (2d) 436]. The pertinent facts are set forth in the opinions in those two appeals.

It will be noted that the present action was filed less than one month after the first account of John W. Lair, trustee, was settled by the probate court. An appeal was taken by the trustee from the order settling that account and on appeal the order of the trial court respecting the trust deed for $850 was reversed, the reviewing court holding that the sum of $850 should be charged against the corpus of the estate. The present action came on for hearing on January 20, 1941, and evidence was received. Before decision was rendered John W. Lair, the trustee, died and A. W. Brunton, as administrator with the will annexed of the estate of John W. Lair, was made party defendant. The case was reopened for the taking of further testimony and findings were filed and judgment rendered on June 5, 1941, wherein it was ordered that plaintiffs recover from defendant the sum of $55.11 for the benefit of the corpus of the trust estate created under the will of Nancy Ray Lair, deceased. The appeal is taken from this judgment. There is also an appeal from an order denying appellant's motion to vacate the judgment.

The probate court has jurisdiction to settle the accounts of testamentary trustees. (Prob. Code, § 1120.) The item of $55.11, the basis of the judgment from which the present appeal was taken, was included in the account of the trustee presented to the probate court, which account was settled by the court. In an appeal from the order settling the account this court has on this day filed a decision disposing of the

228

contentions of the respondent parties concerning this item of $55.11. At the time this appeal and the appeal in the matter of the estate of Nancy Ray Lair were submitted to us for decision the estate of John W. Lair stood charged with $55.11 in each action. Since the charge arose from the same transaction it is apparent that this condition must be remedied. The matter properly belongs in the probate proceeding. We have there disposed of it.

The judgment and the order are reversed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied June 16, 1942, and respondents' petition for a hearing by the Supreme Court was denied July 23, 1942.