52 Cal.App.2d 222 (1942)
Estate of NANCY RAY LAIR, Deceased. A. W. BRUNTON, as Administrator With the Will Annexed, etc., Appellant,
v.
JOHN W. SHNELL et al., Respondents.
Civ. No. 13438. 
California Court of Appeals. Second Dist., Div. Two. 
May 25, 1942.
 A. W. Brunton in pro. per. for Appellant.
 Charles W. Cradick and William H. Haupt for Respondents.
 WOOD (W. J.), J.
 This is an appeal by the administrator with the will annexed of the estate of John W. Lair, deceased, from an order of the probate court dated November 29, 1940, settling the account of John W. Lair as trustee of the estate left by his wife, Nancy Ray Lair. By her will Nancy Ray Lair left the bulk of her estate to John W. Lair in trust, he to have the income therefrom for life, the corpus to go to certain beneficiaries named in the will. The estate was probated and distribution was made to John W. Lair as trustee on September 10, 1936. John W. Lair presented his first account as trustee which was settled by the court on August 15, 1939. In settling this account the court found: "It is true that on September 10, 1936, the said John W. Lair, as trustee under the will of Nancy Ray Lair, deceased, received the following personal property in trust, which said property the court finds to have been proceeds of rents received from the corpus of said trust estate. Cash in the sum of * * *55.11." Respondents had made objections to the account as filed but they did not object to the charge of the item of $55.11 as proceeds of rents from the corpus of the estate. The principal objection made by respondents was to a charge of $850 which had been made a lien upon the corpus of the estate during the progress of administration and before distribution to the trustee. The trial court sustained the objection of respondents to this charge of $850 and the trustee *224 appealed from the ruling. This court on May 6, 1940, decided the appeal in favor of the trustee, held that the charge of $850 should be made against the corpus of the estate and directed the superior court to settle the account in accordance with the views expressed in the opinion. (Estate of Lair, 38 Cal.App.2d 737 [102 P.2d 436].) Upon the receipt of the remittitur the superior court filed new findings in which the said sum of $55.11 was found to be a part of the corpus of the trust estate.
 The trustee has appealed from the following portion of the decree of November 29, 1940: "It is further ordered adjudged and decreed that save and except the deed of trust hereinafter referred to, which is an encumbrance against lot 14, in block 18, of the Central Subdivision of block 17 and 18 of the Barrett Villa Tract, the property hereinafter mentioned shall at all times be kept free and clear of all liens, charges or encumbrances, and that the said John W. Lair, as such trustee, shall not, at any time, make any disbursement to himself, as surviving spouse of said decedent, of any of the income from the said trust estate until after the payment of all expenses for the maintenance of said properties and the expenses of the administration of said estate."
 John W. Lair died on February 6, 1941, and his legal representative has been substituted as appellant.
 [1] On the former appeal no question was raised as to the finding of the court in which it was found that the sum of $55.11 was "proceeds of rents received," and this item was not considered or mentioned in the opinion. The first account having been approved except as to the charge of $850, the superior court upon the receipt of the remittitur was without authority to change its findings and order that the item of $55.11 be carried as a part of the corpus of the estate. (English v. Olympic Auditorium, Inc., 10 Cal.App.2d 196, 199 et seq. [52 P.2d 267].)
 The decree from which the present appeal is prosecuted not only lists the sum of $55.11 as a part of the corpus but it provides that the property therein mentioned, including this sum, "shall at all times be kept free and clear of all liens, charges or encumbrances, and that the said John W. Lair, as such trustee, shall not, at any time, make any disbursement to himself, as surviving spouse. ..." It is apparent that the court erred in ordering that John W. Lair could not use this part of the income from the estate.
 Appellant contends that the language of the decree is too *225 broad in that it prevents the allowance of counsel fees out of the corpus of the estate. [2] It is a general rule that the current expenses of a trust, including compensation for the trustee and his attorney, should be paid out of the income and that extraordinary and unusual charges should be paid from the corpus of the estate. The expenses of litigation generally fall in the latter class. (Estate of Gartenlaub, 185 Cal. 648 [198 P. 209, 16 A.L.R. 520]; Estate of Duffill, 188 Cal. 536 [206 P. 42].) [3] Services rendered in closing the trust and distributing the property are performed for the benefit of the remaindermen and compensation for such services is properly chargeable against the corpus of the estate. (Estate of Kruce, 10 Cal.App.2d 426 [51 P.2d 1174].) Appellant contends that he should be allowed to charge against the corpus counsel fees on the former appeal and on this appeal and also counsel fees in an action in which respondents herein sought to remove the trustee from office, an action now pending in this court on appeal in which an opinion is this day filed, and that the language of the decree is too broad to permit these charges. [4] The language used in the decree is unfortunate and we agree that it is too broad in its scope, for it prevents the charging of the corpus of the estate with any extraordinary charges whatever. However, we do not mean to hold that appellant is entitled to charge the corpus with counsel fees rendered on behalf of the trustee in the former appeal herein or in the present appeal, for these appeals involve disputes between the trustee and the remaindermen as to proper items to be considered as income. [5] However, a different situation was presented in the action in which it was sought to remove the trustee from office and the trustee should be permitted to charge the corpus for the extraordinary expenses which he was compelled to incur. An unfounded action was commenced against the trustee, the main purpose of which was to effect the cancellation of a trust deed given to secure the payment of the sum of $850 hereinabove referred to, and to remove the trustee for having permitted the execution of the trust deed. In the decision on the former appeal (38 Cal.App.2d 737) it was held that this charge of $850 was properly made against the corpus of the estate. Clearly there was no occasion for the filing of the suit. In Conley v. Waite, 134 Cal.App. 505 [25 P.2d 496], it is held that "when an unfounded suit is brought against him by the cestui que trust, attorney's fees may be allowed him in defending the action and may be made a charge against the interest in the estate of the party causing *226 the litigation." In defending that action the trustee was defending the trust and was complying with the expressed desires of the testatrix. The corpus of the estate should also be charged with the expenses incidental to transferring the estate to the remaindermen.
 The order from which the appeal is taken is reversed with directions to the superior court to enter a new decree in accordance with the views herein expressed. Costs of appeal to be recovered by appellant from respondents.
 Moore, P. J., and McComb, J., concurred.