[Civ. No. 14368. Second Dist., Div. Three. July 27, 1945.]

Estate of NANCY RAY LAIR, Deceased. JOHN W. SHNELL et al., Appellants, v. A. W. BRUNTON, Individually and as Administrator With the Will Annexed, etc., Respondent.

Charles W. Cradick and Jean Wunderlich for Appellants.

A. W. Brunton, in pro. per., for Respondent.

WOOD, (Parker), J.—This is an appeal from a judgment settling an amended and supplemental first and final account rendered by the legal representative of a deceased trustee of a testamentary trust; awarding a "lump sum" fee to A. W. Brunton "for services as attorney and administrator of the estate" of the deceased trustee; and distributing the trust estate to the remainder-beneficiaries. Although the notice of appeal states that the appeal is from the whole judgment, the brief of appellant states that the appeal is directed only to the following portion thereof: "It is further Ordered, Adjudged and Decreed, that the said A. W. Brunton be and he is hereby allowed the sum of $800.00 for his services as attorney and as Administrator of the Estate of John W. Lair, rendered in the above entitled matter, and that the said A. W. Brunton have a lien upon all of the assets of said trust estate to secure the payment of said sum of $800.00."

Appellants contend in part that the court was without

jurisdiction to award attorney's fees direct to the attorney for the trustee; that an administrator or a testamentary trustee who acts as attorney for himself cannot have compensation for his services as attorney; and that when a part of a lump sum allowance for fees has been made upon an improper basis and there is no means of segregating the improper part from the total allowance, the whole order for fees should be reversed.

The appellants are the husband, son and daughter of a deceased sister of the trustor, Nancy Ray Lair, deceased, which sister was one of four remainder-beneficiaries of the corpus of the trust. The appellants were the objectors to the account herein. The other beneficiaries have not appealed.

In 1936 John W. Lair became the trustee of the testamentary trust of his deceased wife, Nancy Ray Lair. Under the provisions of the trust he was to receive the income from the trust during his life and upon his death the corpus of the trust was to be distributed to her brother and three sisters. In 1939 he filed his first account as such trustee. The remainder-beneficiaries objected to the account upon the ground, among others, that the trustee should·be charged personally with $850 which had been made a lien upon the corpus of the estate during the administration and before distribution to the trustee. That objection was sustained, but the order was reversed on appeal. (*Estate of Lair*, 38 Cal.App.2d 737 [102 P.2d 436].) Upon a rehearing of the account after the reversal, the trial court found that an item of $55.11 (which the trustee had listed as income) was a part of the corpus, and ordered that said sum should be charged against the trustee personally; and further ordered that no expenses should be charged against the corpus of the estate. Those orders were reversed on appeal. (*Estate of Lair*, 52 Cal.App.2d 222 [126 P.2d 133].) Soon after the trial court in 1939 had ordered that the trustee be charged personally with the $850, the remainder-beneficiaries filed a complaint, designated a bill in equity, to remove the trustee. That action was tried and submitted on January 20, 1941. On February 6, 1941, before the decision therein was rendered, the trustee John W. Lair died. While the first appeal, above mentioned, was pending the trustee filed a second account, and after the reversal on that appeal he filed an amended and supplemental second account which was set for hearing on February 7, 1941. Mr. Lair having died prior to the date for that hearing, the matter

of said second account was placed off calendar pending the appointment of a legal representative of the deceased trustee. A. W. Brunton, an attorney at law who had been the attorney for the trustee John W. Lair, was appointed administrator with the will annexed of the estate of John W. Lair, deceased, on March 11, 1941. As such administrator, Mr. Brunton was substituted in place of Mr. Lair in the action which had been submitted on January 20, 1941. That action was decided on June 5, 1941, and it was therein adjudged that plaintiff recover $55.11 from defendant for the benefit of the corpus of the trust estate. That judgment was reversed on appeal. (*Shnell* v. *Brunton,* 52 Cal.App.2d 226 [126 P.2d 135].)

On November 20, 1942, Mr. Brunton, as such administrator of the deceased trustee's estate, filed the amended and supplemental first and final account, petition for fees, and petition to determine ownership of corpus, which are involved herein.

In the petition for fees the administrator asked that fees in the sum of $50 be allowed A. W. Brunton as administrator for services rendered by the deceased trustee, and that fees in the sum of $3,000 "be allowed A. W. Brunton as attorney for said trustee and as Administrator" of his estate for services rendered as such administrator. The petition alleged that, in connection with the action to remove the trustee, Mr. Brunton rendered sixty-nine hours of services as attorney for the trustee prior to the death of the trustee, and that after the death of the trustee Mr. Brunton rendered fifty-five hours "appearing in pro. per." as administrator of the estate of the deceased trustee; that he spent five hours in preparing the first account and ten additional hours in preparing a first account rendered by himself as administrator (not the one now before the court); that he had spent ten hours in preparing the account now before the court and he would spend ten additional hours in the hearing of the account and preparing the findings and decree; and that he spent more than one hundred hours in connection with the first account filed by the trustee, including the appeals involved therein. Mr. Brunton submitted evidence in support of those allegations.

It therefore appears that the petitioner sought an allowance for the services of the deceased trustee, and sought an allowance for the services of himself as attorney rendered

before and after the death of the trustee, and for services as administrator of the estate of the deceased trustee; that the court made no allowance for the services of the deceased trustee although it found (in its general findings) that he had rendered services of the value of $50; and that the court made a lump sum allowance of $800 to A. W. Brunton individually "for his services as attorney and as Administrator."

Appellants assert, as above stated, that the court was without jurisdiction to award attorney's fees direct to the attorney for the trustee. Their argument is that there is no statutory provision authorizing the court to award attorney's fees in such manner; that section 1122 of the Probate Code, which provides that "the court shall allow the trustee his proper expenses," is the only statute providing for the payment of fees for the services of the trustee's attorney and, by reason of that provision, such fees must be awarded to the trustee and not direct to the attorney; that the only exception to the requirement that such fees be awarded to the trustee is that when the trustee is without funds of the estate in his possession he may by agreement require the attorney to look solely to the trust estate for his fees, and under such circumstances the attorney could proceed in equity to satisfy his claim from the trust estate; that such an exception does not exist herein; that the provisions of section 911 of the Probate Code, whereby the court is authorized to award attorney's fees direct to an attorney who has rendered services to an executor or administrator, do not apply in the matter of awarding fees for services of an attorney for a trustee; that amending section 1616 of the Code of Civil Procedure (from which § 911 of the Probate Code was taken) to allow the court to award payment direct to an attorney for an executor or administrator, and the failure to amend section 1700 of the Code of Civil Procedure (from which § 1122 of the Probate Code was taken) in such manner as to allow the court to award payment direct to an attorney for a trustee, and the failure to so amend section 1122 of the Probate Code, show that it was not the intention of the Legislature that such an award be made direct to an attorney for a trustee. Section 1120 of the Probate Code provides that "When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of . . . settling the accounts . . . of the trustee. . . ." In the *Estate of Smead,*

16 Cal.2d 204 [105 P.2d 589], wherein fees for services of an attorney for a testamentary trustee had been awarded direct to the attorney, it was said that in a former appeal in the *Estate of Smead,* 12 Cal.2d 20 [82 P.2d 182] "it was determined that the court in settling the accounts of the testamentary trustee was acting in the exercise of its probate jurisdiction. That jurisdiction was continuing and attached to the *corpus* of the trust when it passed from the respondent as executor to himself as testamentary trustee. Thus it was proper for the court to make provision for attorney's fees in its decree settling the trustee's accounts in conformity with the law applicable to decedents' estates." Under the authority of the *Estate of Smead,* 16 Cal.2d 204 [105 P.2d 589], the superior court in the present case, involving a *testamentary* trust, had jurisdiction to award attorney's fees direct to A. W. Brunton, the attorney for the trustee, for legal services rendered by him while Mr. Lair was trustee. Whether the circumstances herein were such as would justify an award direct to the attorney for the trustee was for the court in probate to decide.

■ The respondent, A. W. Brunton, as administrator with the will annexed of the estate of John W. Lair, deceased, contends in his supplemental brief that since the Smead estate decision determines that an award of attorney's fees may be direct to the attorney for the trustee, the court should also have power to award fees for services of the administrator of the estate of the deceased trustee direct to the administrator. His argument in that behalf is that the services he performed as administrator were for the testamentary trust created by Mrs. Lair and were not for the estate of Mr. Lair. Mr. Brunton, in presenting the account of the deceased trustee, was acting in a representative capacity as administrator of the estate of the deceased trustee, and the fees for his services as such representative should be awarded to him in his representative capacity and not to him individually. As an individual he was a stranger to the proceeding. An award to him individually would be a direct judgment for money in favor of a person not a party to the proceeding and would be void. In *Garra* v. *Superior Court,* 58 Cal.App.2d 588 [137 P.2d 31], which was a proceeding to prohibit the trial court from enforcing an order that attorney's fees be paid direct to the attorney for a guardian, it was said at pages 590-91: ". . . the decree . . . in so far as

it purports to award attorney's fees directly [to the attorney] . . . is void, as the court had no jurisdiction to award 'judgment' to a person not a party to the proceedings.'' There is no statutory provision authorizing an award of fees from a trust estate to an administrator of the estate of a deceased trustee, individually, for his services as such trustee. Mr. Brunton was entitled to compensation for his services as administrator of the estate of the deceased trustee, and it would have been proper to make an award for such services to him as such administrator.

Appellants' further contention, that a testamentary trustee who acts as attorney for himself cannot be given compensation for his services as such attorney, is sustained. In *Estate of Parker* (1926), 200 Cal. 132 [251 P. 907, 49 A.L.R. 1025], it was said at page 135: ''An executor, administrator, or testamentary trustee who is himself an. attorney at law may properly employ another attorney to render the necessary legal services for the estate. . . . But if the executor, administrator, or testamentary trustee, being himself a practicing lawyer, elects to act as his own attorney . . . the general rule is that he will not be entitled to an allowance against the estate for his professional services, in the absence of some statutory provision entitling him thereto.'' That rule is one of public policy forbidding one who acts in a fiduciary capacity to become his own employer. (*Estate of Parker, supra,* p. 136.) Respondent asserts that the circumstances herein. bring him within the exception to that rule, which exception is stated in the *Estate of Lankershim,* 6 Cal. 2d 568, 572-574 [58 P.2d 1282]. In that matter an attorney and a bank were appointed special administrators with the apparent consent of all parties in interest. The attorney, by reason of his previous relations with the decedent and the appellants therein, was completely familiar with the affairs of the estate. It was apparent to all parties therein and to the court at the time of the appointment that the bank should perform the principal part of the routine duties of administration and that it would be greatly to the interest of. the estate to have the duties of legal counsel performed by that attorney. Although it was openly stated to all the parties that the attorney proposed to waive fees as special administrator and look only to such allowance as might be made for his legal services, the appellants therein made no objection to the arrangement until the services had been performed. The

court therein held that the appellants were estopped by their conduct in permitting the attorney to perform such services without affording him an opportunity of self protection if there was to be any challenge of his claim for compensation. In the present case the attorney was familiar with the affairs of the trust estate, but it does not appear that the appellants consented to the appointment of the attorney as administrator or that they in any way indicated approval of his dual position, but on the contrary it appears that at the time of his appointment as administrator the attorney and the appellants were involved in litigation which had been extended over a long period of time and in which their interests were adverse. In the present case estoppel is not involved and respondent is not within said exception. The petition for fees and the evidence in behalf of the petitioner are to the effect that some of the services for which fees were sought were legal services rendered by Mr. Brunton in propria persona as administrator of the deceased trustee's estate. The court found that ''the services alleged in the petition for fees were rendered as alleged therein,'' and the court then enumerated in its findings various specific items of legal services rendered by Mr. Brunton after the death of Mr. Lair. It does not appear from the findings or the judgment that the amount awarded for fees did not include an award for such legal services rendered after the death of Mr. Lair, but it does appear from the judgment that the award was for Mr. Brunton's ''services as attorney and as administrator,'' and under these circumstances it is to be assumed that the judgment included an award for legal services of Mr. Brunton after the death of Mr. Lair. Insofar as the judgment included an award for legal services of Mr. Brunton as attorney for himself as administrator of the deceased trustee's estate, it was erroneous.

Another contention of appellants is that since the allowance for fees is based partly upon services for which the court had no power to order payment, and since the fees were awarded in a lump sum and the condition of the record is such that the improperly allowed fees cannot be segregated from the total allowance, that the whole order for fees should be reversed. This contention is sustained. As above mentioned, it cannot be determined from the record what portion of the total award, if any, was awarded for legal services

rendered during the life of Mr. Lair, and it cannot be determined therefrom what portion, if any, was awarded for legal services rendered after the death of Mr. Lair while Mr. Brunton was acting in propria persona. The fees awarded for legal services, and for services rendered as administrator, and for services of Mr. Lair as trustee, if any, should have been stated separately in the judgment in order that the interested parties might consider whether the amounts awarded for specific items were reasonable, whether the amounts were for services rendered by a person acting in a double capacity as attorney and administrator, and whether they were awarded upon any illegal basis.

Respondent asserts that the decision in the *Estate of Scherer*, 58 Cal.App.2d 133 [136 P.2d 103], is applicable here. In that matter, wherein an executor asked for $20,850 as executor's fees and attorney's fees for himself and was allowed $8,000—the items not being segregated, the court held that it was apparent that when all the services which might be characterized as "legal" were eliminated there would remain within the sphere of executor's services a sufficient amount of work for which an award of $8,000 could not be considered unreasonable. In the present case it appears that the legal services were much more extensive than the services as administrator, and it should not be concluded from the record on this appeal that if the legal services were eliminated the $800 allowed would be a reasonable sum for the services as administrator.

Another contention of appellants is that the trustee and the administrator of the deceased trustee's estate sought to destroy the trust and therefore attorney's fees should not be allowed. The assertion that they sought to destroy the trust is based upon an allegation, in the petition herein to determine ownership of the corpus of the estate, to the effect that all of the remainder-beneficiaries had forfeited their interests in the trust because they had attacked the will of Nancy Ray Lair in violation of a contest provision in the will. The alleged violation was based upon their effort to charge the trustee personally with the $850 lien against the estate, and their efforts to remove him as trustee. The court had stated in the *Estate of Lair* (1942), 52 Cal.App.2d 222, at page 225 [126 P.2d 133, at page 134], that the action, designated a bill in equity, to cancel the $850 lien and to remove the trustee was "an unfounded action" and "clearly

there was no occasion for the filing of the suit," and that the $850 was charged properly against the corpus. It was necessary that the trial court herein determine the ownership of the corpus, and it was not improper to call the court's attention to the efforts of the remainder-beneficiaries to impair the provisions of the trust. Said contention of appellants is not sustained.

The portion of the judgment wherein A. W. Brunton was allowed "$800.00 for his services as attorney and as Administrator," which portion is the third paragraph of the judgment appealed from, is reversed; and the superior court is directed to fix and separately state and to secure by a lien on the assets of the trust estate, the fees, if any, properly payable: (1) for services rendered by John W. Lair as trustee; (2) for legal services rendered by A. W. Brunton as attorney for John W. Lair while Mr. Lair was trustee; and (3) for services rendered by A. W. Brunton as administrator with the will annexed of the estate of John W. Lair, deceased, in connection with said trust matters. The fees, if any, for items (1) and (3) just referred to should be awarded to A. W. Brunton, administrator with the will annexed of the estate of John W. Lair, deceased. The fees, if any, for item (2) for legal services rendered by A. W. Brunton as attorney for John W. Lair while Mr. Lair was trustee may be awarded direct to A. W. Brunton. The judgment as to all portions other than the third paragraph is affirmed.

Desmond, P. J., and Shinn, J., concurred.