[Civ. No. 18124. Second Dist., Div. Two. Feb. 19, 1951.]

Estate of MARINA XYDIAS, Deceased. ANTHONY J. XYDIAS, as Executor, etc., Appellant, v. SOFIA G. ADAMSON, Respondent.

John D. Gray for Appellant.

Henry Merton for Respondent.

MOORE, P. J.—Appeal from an order instructing the executor not to sell property of the estate and determining that the income is sufficient to pay expenses.

Appellant as executor of decedent's estate filed his third amended account current and petitioned for instructions to sell, showing the value of the assets to be $25,943.81 and him to have dispersed $1,326.90. He set forth that the inheritance taxes due the state amounted to $277.83; that payments made out of his personal funds for the estate aggregate $2,132.23 which includes payment of statutory fees to the executor and to the executor's attorney; that the estate will become liable for commissions to the executor and his attorney in the amount of $1,211.50. This he follows with the declaration that there are no funds with which to pay these obligations; that it is necessary that parcel II, an unproductive and unimproved real property, be sold in

order to pay these estate obligations. Following a statement of extended efforts on the part of himself and his attorneys to collect certain claims of the estate, he alleges that it is necessary to continue the administration for the purpose of realizing on uncollected assets and of selling unproductive property which has already necessitated the payment for taxes of more than half of its appraised value and that from the proceeds of such sale the unpaid obligations of the estate may be paid; that executor has been using the rentals from parcel I for his living expenses and to pay the costs of its maintenance.

Appellant is the devisee of a life estate in the properties bequeathed by his deceased wife, and Sofia G. Adamson, her daughter and contestant, is the remainderman. Executor now contends that the costs and expenses of administration should be paid out of the corpus of the estate while contestant contends that such costs should be paid out of rentals accruing after the death of decedent from real property specifically devised to the executor as life tenant. In the absence of the express findings and of a transcript of proceedings in the court below, it will be assumed that the evidence supported the implied findings. Indeed, in their absence there is no basis for attacking the order on appeal.

The clause of the will bequeathing the property first devises it to appellant, after which the will proceeds: "on the death of my husband . . . I wish all of the above money, property, etc. to revert to my only daughter, Sofia G. Adamson." Despite the provision that the remainder revert to the daughter, appellant insists that the income from the estate which has accrued during the probate should not be used to pay the expenses of administration but that they are to be reserved for appellant only as the devisee of the life estate. His thesis is contrary to authorities and to sound reason. The language of the will bequeathes *all* her property in remainder to her daughter. There is nothing in the document to indicate that it was the desire of the testatrix for her husband to have the whole of the income to the exclusion of the expenses incurred in the administration or that non-income-bearing property should be sold to pay such expenses. In each of the cases cited by appellant in support of his contention (*Estate of Platt,* 21 Cal.2d 343 [131 P.2d 825] ; *Estate of Dare,* 196 Cal. 29 [235 P. 725] ; *Estate of Schiffman,* 86 Cal.App.2d 638 [195 P.2d 484] ; *Estate of Lair,* 38 Cal.App. 2d 737 [102 P.2d 436]) the will provided that the income

earned by the estate be specifically devised to certain beneficiaries and be distributed by the trustee named to receive and administer the estate. For illustration: in the *Estate of Platt, supra,* the residue of the estate was bequeathed to a bank in trust with directions to pay the widow certain moneys from the income until her marriage and if the income exceed a specified amount the excess shall go to a son.

Where a will separates the income from the estate, makes distribution thereof to a designated legatee and says nothing on the subject of expenses of administration, the intention is reasonably inferred that the income which accrues will be due the beneficiary named, free from administration expenses: (See *Estate of Schiffman, supra,* p. 647.) The will of decedent herein does not separate the income from the estate; nor does it make a specific bequest thereof to the husband. While it is true that a life tenant is entitled to receive the income during his tenancy, there is nothing in the nature of the estate bequeathed to him from which it can be reasonably inferred that it is to be free from the burden of overall expenses of probate administration. The will is devoid of any words which indicate that the property which is to go to the remainderman shall undergo any diminution during the continuance of the life estate. On the contrary, "*all* of the said property, money, etc." are to pass to the remainderman.

Contrary to appellant's contention the will does not divide the estate into two parts. While there are two beneficiaries, the life tenant enjoys a lesser estate and the remainderman the greater. But neither by any language nor by any reasonable construction thereof can it be said that the will makes a separate gift of income or makes any division of the property.

Inasmuch as the executor has possession of funds collected by him from decedent's estate in excess of the sum required to pay the expense of administration, and particularly in view of the fact the testatrix made no specific devise or gift of her property or of the rent or income therefrom to her husband, there is no necessity for a sale of any part of the corpus of the estate for the purpose of paying costs of administration. (*Estate of Bragg,* 166 Cal. 103 [134 P. 1140]; Prob. Code, §§ 300, 750.)

Order affirmed.

McComb, J., and Wilson, J., concurred.